TEMPLE PUMP Co. *v.* GOSS PUMP & RUBBER BUCKET MANUF'G Co.

*(Circuit Court, N. D. Illinois.* May 16, 1887.)

PATENTS FOR INVENTIONS—IMPROVEMENT IN PUMP BUCKETS—INFRINGEMENT—
CONTEMPT.

A decree was entered enjoining the defendants from infringing the first claim of letters patent No. 178,735, granted June 13, 1876, to John A. Churchill, for an improvement in pump buckets, in which claim a grooved screw-bolt was made a part of the combination. See 30 Fed. Rep. 440. The defendants afterwards manufactured rubber buckets for chain pumps, but used a solid screw-bolt instead of a grooved one. According to the proofs, it appeared that such use of a solid bolt was probably no infringement. *Held,* that the court would not determine the question of infringement upon a proceeding for contempt, but would leave the plaintiff to an original suit wherein the defendant would have a right of appeal.

*Pierce & Fisher,* for complainant.
*A. N. Waterman* and *West & Bond,* for defendant.

BLODGETT, J. This is an application for an attachment for contempt against the defendant, Sanford A. Goss, for violation of the perpetual injunction contained in the interlocutory decree in this case. (See *Temple Pump Co. v. Goss Pump & Rubber Bucket Manuf'g Co.,* 30 Fed. Rep. 440.) The original decree found that the defendants infringed the first claim of the Churchill patent, which is: "(1) The combination of the grooved screw-bolt or link, A, the concave-convex rubber, D, and interior expanding washer, C, substantially as set forth." Since the entry of that decree, the defendant, Goss, has continued the manufacture of rubber buckets for chain pumps; but has used what he calls a solid screw-bolt instead of a grooved screw-bolt, as called for by the first claim of the complainant's patent; and the only question in the case is whether the first claim of the Churchill patent is to be limited to a screw-bolt with one or more longitudinal grooves in it. In his specifications Churchill says: "A represents a bolt or link, formed with exterior screw-threads as shown; *also with one or more longitudinal grooves or channels.*" And the first claim, as already stated, is for the "combination of the *grooved* screw-bolt or link, A, with," etc. While I can see no necessity in the state of the art, or in the nature of the invention covered by this Churchill patent, for the patentee to have limited himself to a grooved screw-bolt or link, at the same time I must say that it seems to me very clear that he has done so. The proof in this case shows that solid and grooved screw-bolts were both known in the prior art; and undoubtedly, as this is a combination patent, the complainant might have provided that the screw-bolts might be either solid or grooved, as the person using the patent should elect; but he saw fit to describe a grooved screw-bolt, and to claim a grooved screw-bolt as a part of his combination, and it seems to me, therefore, that he is limited to a grooved screw-bolt as an element in his patent. It is true that the groove, which is really intended as a drip-hole for the escape of the water when the chain comes to a rest, is not

an essential part of Churchill's invention, as construed upon the final hearing of this case; but, as he chose to describe only a grooved screw-bolt, perhaps unnecessarily, he must be limited, it seems to me, to that specific element in his combination.

In *White* v. *Dunbar*, 119 U. S. 47, 7 Sup. Ct. Rep. 72, the supreme court says: "Some persons seem to suppose that a claim in a patent is like a nose of wax, which may be turned and twisted in any direction, by merely referring to the specifications, so as to make it include something more than, or something different from, what its words express. The context may undoubtedly be resorted to, and often is resorted to, for the purpose of better understanding the meaning of the claim, but not for the purpose of changing it, and making it different from what it is. The claim is a statutory requirement, prescribed for the very purpose of making the patentee define exactly what his invention is; and it is unjust to the public, as well as an evasion of the law, to construe it in a manner different from the plain import of its terms. This has been so often expressed in the opinions of this court that it is unnecessary to pursue the subject further."

In view, therefore, of the possible, if not necessary, limitation of the complainant's patent to a grooved screw-bolt as an essential part of the combination covered by his first claim, it seems to me that the court should not, in a proceeding for contempt, attempt to try the question whether this bucket, with a solid screw-bolt, is or is not an infringement of the complainant's patent; but the complainant, if it wishes to test that question, must bring an original suit for infringement of this patent by the use of this solid link; and where the defendant would be entitled to an appeal instead of attempting to have this question of infringement determined in a proceeding for contempt.

The rule for an attachment is therefore discharged, without prejudice to any suit which the complainant may bring for the purpose of testing the question of infringement involved in this motion.