HOWARD *et al. v.* MAST, BUFORD & BURWELL Co.

*(Circuit Court, D. Minnesota.* February 25, 1888.)

PATENTS FOR INVENTIONS—INFRINGEMENT—CONSENT DECREE—SCOPE OF.

Upon defendants' failure to comply with a consent decree admitting the validity of letters patent No. 178,461, for the "Boss" harrow, and the infringement by defendants, perpetuating the injunction and fixing the damages, an order to show cause for the alleged contempt was issued. Defendants at the hearing contended that the "Harris" harrow. which they were now making and vending, was no infringement. *Held,* that as the consent decree does not amount to a general decree in plaintiffs' favor, nor aid in construing their patent so as, upon the evidence produced, to cover the Harris harrow, the application to declare defendants in contempt will be denied.

In Equity.   On order to show cause for contempt.

Suit by Harlan S. Howard and Ellen F. Perkinson, as administratrix of the estate of John E. Perkinson, deceased, against the Mast, Buford & Burwell Company.

*Frackelton & Careins*, for complainants.

*W. D. Cornish* and *Samuel Magoffin* for defendant.

NELSON, J.   A suit was commenced on February 18, 1886, against the defendant company charging an infringement of letters patent No. 178,461, dated June 6, 1876.   A motion was made for a preliminary injunction, which was granted; and on the hearing of that motion the defendant filed an answer, which was read as one of the affidavits in opposition to the application for the injunction.   After the preliminary injunction issued, and before any proofs were taken, the parties enter into a stipulation whereby the defendant consented to the entry of a decree against it, admitting the validity of the patent, and the infringement as charged, and consenting that the preliminary injunction should be made permanent, and fixing the amount of damages at the sum of $500.   The decree, in accordance with the stipulation, was signed and filed October 2, 1886.   On February 11, 1888, an order was entered that the said defendant and Julius H. Burwell, its officer and agent, show cause on February 14th then following why they should not be adjudged in contempt for violation of the preliminary injunction, and of the final decree, and the writ of perpetual injunction granted October 2, 1886, and be punished accordingly, and why they should not pay damages to the petitioners, Howard and Perkinson, administratrix, etc., suffered by the violation of said decree and injunctions, together with costs and expenses of this motion, and for further relief, etc.   The affidavits presented by the petitioners charge the defendant with making, vending, and using certain harrows alleged to be substantially the invention covered by the letters patent No. 178,461.   The name of the harrow sold by the defendant is the "Harris Harrow".   On the return of order to show cause, and at the hearing, the defendant admitted the sale and use of the "Harris Harrow," so called, but alleged that, recognizing the consent decree entered in 1886, they did not obtain the right to use and sell this harrow until experts had examined the same and pronounced it different in operation, and no infringement of the "Boss" harrow, No. 178,461; and, to sustain this allegation, affidavits are presented.   Numerous counter-affidavits of experts are also introduced by the petitioners, and the contest is quite vigorous upon the question of the identity in principle and operation of the two harrows.

While the stipulation by consent is a part of the record, and in force, full effect must be given to the admissions therein contained and embraced in the decree, which, on its face, purports to be a decree by consent of the parties.   The validity of the patent, as between them, cannot be again questioned, and the exclusive rights of the complainants to the invention, as therein conceded, must be maintained.   Yet as the patent has never been discussed at a hearing upon testimony taken by the par-

ties, and the preliminary injunction was only granted upon the bill of complaint and affidavits, the alleged infringement by the sale of the "Harris" harrow depends upon a construction of the claim of the "Boss Harrow," so called, which has never been given by the court.   The circumstances would not justify a construction of the patent under the decree entered by consent so as to include the "Harris Harrow," and charge the defendant as an infringer, and in contempt of the injunction granted October 2, 1886.   As stated in *Higby* v. *Rubber Co.*, 18 Fed. Rep. 601.

"The case upon the patent was closed months since, and  *  *  *  no regular issues are made up,   *  *  *  and no appeal can be taken from any order.   Under the circumstances of the case, the plaintiff cannot justly assert that the consent of the defendants amounts to a general decree in his favor, or will aid me to construe the patent."

If the complainant desires to enjoin the harrow now complained of he must do it by bill in the usual way.

Application to declare defendants in contempt is denied.   Ordered accordingly.