### KELSEY HEATING CO. v. JAMES SPEAR STOVE & HEATING CO.

(Circuit Court, E. D. Pennsylvania. December 19, 1907.)

#### No. 32.

PATENTS—INFRINGEMENT—INJUNCTION—CONTEMPT.

Where an essential element of complainant's patent on a hot-air furnace consisted in placing the rods tying the bottom plate and crown sheet through the vertical air flues which surrounded and formed the sides of the combustion chamber, an injunction restraining infringement was not violated by a furnace in which the tie rods were placed entirely outside of and removed from the flues.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 373.]

In Equity. On rule to show cause why defendants should not be adjudged guilty of contempt in disregarding an injunction restraining infringement of a patent.

For opinion sustaining the patent and finding infringement, see 155 Fed. 976 reversed on appeal 158 Fed. 622.

Howard P. Denison, for complainants.
Charles Howson, for defendants.

ARCHBALD, District Judge.* The proceedings for contempt, based upon the alleged disregard of the injunction heretofore issued in this case, must be dismissed. It is made an essential element of the complainants' hot-air furnace, by the patent in suit, that the rods which tie the bottom plate and crown sheet together shall extend through the vertical air flues, which surround and form the sides of the combustion chamber; the advantages claimed for this arrangement, according to the specifications, being that the rods are thereby protected from soot and rust, and that the obstruction to cleaning the combustion chamber, which they would otherwise offer, is thereby obviated. But in the furnace which is now being put out by the defendants, of which complaint is here made, the tie rods used are located, not within, but entirely outside of and removed from, the flues, thus avoiding the construction specified in the patent. No doubt in structural function they are the same. But that is not sufficient. The invention

*Specially assigned.

at the best is a narrow one, and, in view of the prior art, the particular location given to the tie rods is material, if its novelty is to be sustained. To refer to nothing else, furnaces, in exact conformity with the structure in suit, saving only that the tie rods were outside of, where they are now inside, the flues, were manufactured under the earlier patent to the same inventor, and were in public use for over two years prior to the application for the patent in controversy. And if it be now held that a tie rod located on the outside of the flues, and so not extending through them, is the equivalent of one located within them, as called for by the claim, the decision which has been made sustaining the patent is seriously called in question. But, without dwelling upon that, the terms of the claim are clear and expressly call for tie rods extending through the flues to which the complainants are thus confined, and, the construction which has been now adopted by the defendants being different in this respect, there is no violation of the injunction.

The proceedings for contempt are dismissed, at the cost of the complainants.