### PITTS ANTI-SKID CHAIN CO. et al. v. WEED CHAIN TIRE GRIP CO. et al.

(Circuit Court of Appeals, Seventh Circuit.   July 27, 1911.)

No. 1,750.

PATENTS (§ 328*)—INFRINGEMENT—CHAIN TIRE GRIP.
    The Parsons patent, No. 723,299, for a chain tire grip, *held* infringed.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Weed Chain Tire Grip Company, Harry D. Weed, and the Parsons Non-Skid Company against the Pitts Anti-Skid Chain Company, J. F. Pitts, and Lyle A. Closter.   Decree for complainants, and defendants appeal.   Affirmed.

Francis A. Hopkins, for appellants.
Frederick S. Duncan, for appellees.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

GROSSCUP, Circuit Judge, delivered the opinion.   The appeal is from a decree of the Circuit Court enjoining appellants from infringing Letters Patent No. 723,299, issued March 29, 1903, to Harry Parsons, for alleged improvements in anti-slipping and anti-puncturing devices for the tires of vehicles and for like purposes.

The patent is the same patent that was under consideration by the court in Excelsior Supply Company et al. v. Weed Chain Tire Grip Company et al. (No. 1730) 192 Fed. 35.

The claim of the appellants is that their device is intended to be applied snugly to the tire, with all the slack taken up, and all the side chains drawn to their proper tension.   We are convinced, however, that in operation this device follows the Parsons concept and its mechanical embodiment.   The circulars issued by the appellants, upon which the decree below was granted, show, among others, the Weed device—a device that, by the law of the structure as stated in Excelsior Supply Company et al. v. Weed Chain Tire Grip Company et al., is bound to operate within what constitutes the Parsons concept and its mechanical embodiment.   Whether the other device shown—the one with tension springs—will, in practice, operate differently from the Parsons concept and its embodiment is a matter on which we are not convinced.   Our judgment is that commercially it would

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

prove inoperative unless it adjusts itself to the Parsons concept, and that therefore, in practice, it will adjust itself to the Parsons concept, thereby becoming an infringement.

The decree of the Circuit Court is affirmed.