PARSONS NON-SKID CO. et al. v. E. J. WILLIS CO.

(Circuit Court, S. D. New York. September 16, 1911.)

1. PATENTS (§ 327*)—SUIT FOR INFRINGEMENT—EFFECT OF PRIOR DECISION.

Where, in an infringement suit, an alleged anticipating patent was in the record and discussed in the briefs in the Circuit Court of Appeals, the decision sustaining the patent should be construed as overruling such claim of anticipation, and should be followed in that respect by a Circuit Court of another circuit.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327;* Courts, Cent. Dig. § 328.

Operation and effect of decision in equitable suit for infringement, see note to Westinghouse Electric & Mfg. Co. v. Stanley Instrument Co., 68 C. C. A. 541.]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—CHAIN TIRE FOR AUTOMOBILES.

The Parsons patent, No. 723,299, for an armor for pneumatic tires, held not anticipated, valid, and infringed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by the Parsons Non-Skid Company and others against the E. J. Willis Company. On motion for preliminary injunction. Motion granted.

See, also, 176 Fed. 176.

Duncan & Duncan, for complainants.

Lucius E. Varney, for defendant.

LACOMBE, Circuit Judge. [1] The main reliance of the defense is the Clark English patent, 18,003 of 1897. It is conceded that this patent and testimony concerning it were in the record before the Circuit Court of Appeals of the Seventh Circuit in Excelsior Supply Company v. Weed Chain Tire Grip Company (July, 1911) 192 Fed. 35. It is not disputed that the English patent was discussed in the briefs filed in that case. Under these circumstances it would seem that the decision of the Court of Appeals sustaining the validity of the Parsons patent and construing its claims should be followed at circuit here. Warren v. City of New York (C. C. A. Second Circuit, April 10, 1911) 187 Fed. 831.

[2] Aside, however, from this rule of practice, it is not perceived that upon the record here made the position of the Clark English patent in the prior art is materially changed. Inspection of that patent shows that Clark was concerned with a nonslipping band or contrivance to be affixed to the pneumatic tires of bicycles. He points out expressly that the plates, which with the links fit snugly around the tire, shall become imbedded sufficiently in the jacket of the tire, so as to prevent all shifting of the band upon the tire. This is the exact reverse of the operation of the Parsons device. Clark also points out how this imbedding may be effected with the tires to which his device is applied, and with such tires his method of imbedding is successful. The whole teaching of this English patent is for the production of a band imbedded to prevent slipping. That is all the art would learn from his patent. It does not change its teaching to show experimentally (conceding for the purpose of the argument that defendant in this case has so shown) that when the Clark band is applied to a kind of tire different from those with which Clark was concerned, to a tire so large, so thick, compact, and rigid, that it is not possible to imbed Clark's band in it, such band, not being thus so secured, will move or "creep."

Complainant may take interlocutory decree in the usual form for injunction and accounting.