PARSONS NON-SKID CO. et al. v. SENECA CHAIN CO. et al.

(Circuit Court, S. D. New York. November 18, 1911.)

PATENTS (§ 328*)—CONTRIBUTORY INFRINGEMENT—ARMOR FOR PNEUMATIC TIRES.

A preliminary injunction granted to restrain contributory infringement by defendant of the Parsons patent, No. 723,299, for an armor for pneumatic tires, by selling cross-chains intended for use in repairing the chains of the patent.

[Ed. Note.—Contributory infringements of patents, see notes to Edison Electric Light Co. v. Peninsular Light, Power & Heat Co., 43 C. C. A. 485; Æolian Co. v. Harry H. Juelg Co., 86 C. C. A. 206.]

In Equity. Suit by the Parsons Non-Skid Company and others against the Seneca Chain Company and another for infringement of the Parsons patent, No. 723,299, for an armor for pneumatic tires. On motion for preliminary injunction. Motion granted.

Duncan & Duncan, for complainants.
Allan M. Johnson, for defendants.

LACOMBE, Circuit Judge. Defendants' own literature satisfies me that they have offered, and unless restrained by injunction will continue to offer, to sell cross-chains, of the type described in the papers, with the expectation and manifest intent that such cross-chains shall be combined with circumferential chains to make up non-skid chain grips covered by the patent. This is contributory infringement, and complainant is entitled to have it stopped.

Undoubtedly, as defendants' affidavits show, there are many other uses to which these short lengths of so-called "German" chain can be put; but the injunction asked for would in no way interfere with sales for such purposes. It is directed only against the making and using of "parts intended for use in construction and repair" of complainants' chain grips.

It will of course prevent defendant from undertaking to effect sales of such chains to automobile supply houses, on the representation that it would probably be "vexatious for the purchaser to be without these parts during the fall and winter months when their customers most need them." If defendant acts in good faith, it may safely conduct its business, notwithstanding the injunction; but it will have to be careful to respect the rights of the owner of a patent, the validity of which has been sustained after prolonged litigation.

Injunction will issue as prayed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes