### WEED CHAIN GRIP CO. v. ATLAS CHAIN CO.

(District Court, S. D. New York.  March 6, 1912.)

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—CHAIN TIRE GRIP.

The Parsons patent, No. 723,299, for a chain tire grip for automobile wheels, discloses novelty and invention, and covers a highly meritorious device; also *held* infringed, on a motion for preliminary injunction.

In Equity.  Suit by the Weed Chain Grip Company against the Atlas Chain Company.  On motion for preliminary injunction.  Granted.

Duncan & Duncan, for complainant.

Gifford & Bull, for defendant.

LACOMBE, Circuit Judge.  Ever since my attention was first called to the opinion of Judge Sanborn in the Excelsior Case, 179 Fed. 232, the study given to this patent and to the others constituting the prior art convinced me that it was a highly meritorious one, that the concept of a moving or creeping chain ladder was something distinctly new and extremely useful, and that any chain grip of substantially the same type which does in fact creep when in use, whether slowly or rapidly, would infringe such patent.  The great weight of judicial authority seems in accord with these views, and it was quite a surprise to learn that the Court of Appeals in the Seventh Circuit had reversed Judge Sanborn.  Reading their opinion, it seemed to me they had given too much effect to the English patent on which they relied, and eventually they reached the same conclusion, finding the patent, upon reargument, to be valid and infringed.  192 Fed. 35.

It is contended here that the second opinion of that court holds that infringement of the Weed patent cannot be found unless the device of defendant, not only creeps when in use, but is also applied with such great looseness that the cross-chains are a part of the ground and not a part of the wheel, at the instant they are in action.  I doubt whether the Court of Appeals meant to impose this limitation; but, if they did, I prefer to range myself with the other judges, who have given the patent a construction broad enough to secure the improvement which the inventor disclosed.

The testimony shows that chain grip of defendant in this suit does creep when it is in action running on the roadbed.  It creeps very slowly when all the devices employed to tighten it on the wheel are applied with all the strength the user can apply; more rapidly, when he does not take the trouble to exert himself.  Moreover, there is no particular reason why he should exert himself.  The grip is quite as efficient, whether it creeps fast or slow.  There is no real controversy as to these propositions, and it seems unnecessary to inquire whether centrifugal force does or does not operate to loosen its hold on the tire.  The motion for injunction is granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes