PARSONS NON-SKID CO., Limited, et al. v. McKINNON CHAIN CO.

(District Court, W. D. New York. May 13, 1912.)

PATENTS (§ 328*)—INFRINGEMENT—CHAIN TIRE GRIP.

A defendant held chargeable with contributory infringement of the Parsons patent, No. 723,299, for a chain tire grip, on a motion for preliminary injunction.

In Equity. Suit by Parsons Non-Skid Company, Limited, Weed Chain Tire Grip Company, and Harry D. Weed against the McKinnon Chain Company. On motion for preliminary injunction. Motion granted.

Duncan & Duncan, for complainants.

Wright & Mitchell, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HAZEL, District Judge. In view of the recent decision by the Supreme Court of the United States in Henry et al. v. A. B. Dick Company, 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. ——, decided March 11, 1912, no dispute arises over the proposition that the claim of contributory infringement is made out if it is proven that the defendant knowingly and intentionally furnished parts specially made and adapted for use in combination with the Parsons chain grips. The moving papers sufficiently show that the defendant, McKinnon Chain Company, has manufactured and threatens to manufacture so-called "cross-chains" which are adapted for use in the repair of chain grips described in the Parsons patent. The defendant urges that it has not been proven that cross-chains have been sold by it to any jobber or dealer against whom the complainants have brought suit, or that cross-chains were manufactured and sold by it with the intent that they be used in connection with side chains of the patent. But I am satisfied by the affidavits presented that cross-chain hooks and rim chain hooks were manufactured and sold by the defendant company with the intention that they should be used in connection with the Parsons chain grips. The circulars in evidence, the correspondence between the defendant and the Motor Car Equipment Company, and the dimensions of the chains, leave little room for doubt that they were designed and completed with the intention that they should be so used, and that they were not ordinary machine chains to be used for other purposes.

It is further contended by the defendant that there is nothing contained in the records to show that the defendant knew or had reason to know that the said chain grips were sold under a license agreement that they must be repaired by the complainants; but in view of the fact that the chain grip in past years has been sold by the complainants under a license restriction conspicuously written or printed upon tags affixed to the bags containing the chain grips, as well as upon the bags themselves, the presumption is strong that the defendant was fully advised of the restriction.

There is reason enough for believing that injury may result to the complainants unless the status quo is maintained, and therefore the preliminary injunction prayed for is granted.