PARSONS NON-SKID CO., Limited, v. ATLAS CHAIN CO.

(Circuit Court of Appeals, Second Circuit.   June 7, 1912.)

No. 244.

1. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—CHAIN TIRE FOR WHEELS.
    The Parsons patent No. 723,299, for an armor for pneumatic tires, *held* valid and infringed on review of an order granting a preliminary injunction.

2. PATENTS (§ 283*)—INFRINGEMENT—DEFENSES.
    When a defendant sells a device, the natural, usual, and preferential use of which constitutes an infringement, it is not a defense to a suit for infringement that it is possible by limiting its efficiency to so use the device as not to infringe, or that defendant has instructed its customers to so use it.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 448–450, 452; Dec. Dig. § 283.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Parsons Non-Skid Company, Limited, against the Atlas Chain Company.   Defendant appeals from an order granting a preliminary injunction.   Affirmed.

Gifford & Bull (J. Edgar Bull, of counsel), for appellant.

Duncan & Duncan (Frederick S. Duncan, of counsel), for appellee.

Before COXE and NOYES, Circuit Judges, and HOUGH, District Judge.

COXE, Circuit Judge.   [1] The device which is the subject of the patent consists of a network of rings or strips of metal or a series of small chains or bands fitting loosely over the periphery of the wheel or passing from side to side across the tire and prevented from coming off by two rings, hoops or their equivalent, such rings or one of them, being provided with means of attachment and detachment.   The said rings are smaller in diameter than the periphery of the wheel and cannot come off accidentally.   The rough surface provided by the network, chains or the like, will prevent the slipping of the tire on the road and the consequent skidding of the car.

It is probable that the genius of the inventor will yet devise a more simple and efficient method of preventing the skidding of rubber-tired vehicles, but, so far as the art has developed, Parsons appears to have been the first to provide means which minimizes the greatest danger which confronts the traveler in such vehicles.

The first claim of the patent which is typical of the other five is as follows:

"Antislipping or protecting means for the peripheries of wheels, pulleys, or the like, comprising attaching elements at opposite sides of the wheel, and an antislipping or protective medium secured to the attaching elements and extending across and around the periphery of the wheel, said parts being disconnected from, though retained on, the wheel, whereby the antislipping or protecting medium is free to move or shift its position around the periphery thereof."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Few patents have been so persistently and vigorously attacked, and in each instance, with one exception, it has been sustained. The Circuit Court of Appeals for the Seventh Circuit at first held the patent invalid, but, upon reargument, held it valid and infringed. There can be no question, therefore, upon this appeal as to the proposition that Parsons has made a useful and meritorious invention, being the first to construct a successful apparatus to prevent skidding, detachable from rubber tires. The Scientific American articles add nothing to what was considered by the courts in the Seventh Circuit. The Thomson patent on which the articles are based was there in evidence and was found to be irrelevant. From such an inadequate understanding of the Thompson machine as we are able to get from the present record, we are not disposed to differ with this conclusion.

In such circumstances it is the duty of the court to place upon the claim a construction commensurate with the invention. It is said that the words "fitting loosely over the periphery of the wheel," in the description, and the words "free to move or shift its position around the periphery thereof," in the claims, require a construction that the cross-chains shall be so loose that they must necessarily hang in loops from the supporting wires and be successively laid down upon the ground immediately in front of the tread of the tire. There is nothing in the prior art requiring such a construction, and, if adopted by the court, it will enable any chauffeur who has wit enough to contract the circumferential support so that the cross-chains are drawn more tightly across the tire, to evade the patent with impunity. *Loosely* is here used in contradistinction to *tightly*, and means that the cross-chains must be sufficiently loose to secure the advantages of the invention, viz., to creep and not pound the road as they would do if rigidly fastened to the wheel when traveling at a high rate of speed.

[2] That the defendant's grip creeps is expressly admitted, as is also the contention that if by use the cross-chains become loose, so that they are free to move or shift their position around the periphery of the wheel, the device becomes an infringement. It is also clear that the defendant's device may be so adjusted that the chains are held loosely, and if the driver of the car becomes satisfied that the best results can only be attained by a loose adjustment, it is more than probable that he will adopt that method. In other words the defendant places in the hands of the chauffeur an apparatus which may infringe or not, according to whether it is wound up loosely or tightly. Should it appear that the best results can be obtained only by a loose adjustment, it is hardly probable that a chauffeur will take the additional time and trouble to secure an inferior result. If experience shows that a loose adjustment prevents skidding and saves the wear and tear of the tires, it is safe to assume that it will be adopted, notwithstanding directions to the contrary. When the defendant sells a device the natural, usual and preferential use of which constitutes an infringement, it is no answer to assert that it is possible, by limiting its efficiency, to use innocently.

We cannot avoid the conclusion that the changes made by the de-

fendant are attempts to secure the fruits of Parsons' invention by alterations in non-essential details.

The history of the protracted litigation shows that, with few exceptions, the courts have regarded the Parsons invention as a meritorious one and have given it a construction sufficiently liberal to include all changes of form which accomplish the same result in substantially the same way.

The defendant was practically selling the patented grip in all its essential details, but in addition, it provided tension springs with directions to make a tight fitting grip. These springs may or may not be used, and the directions may or may not be followed, but even if they are followed, the same result is obtained, only in a less degree; the circumferential creeping of the cross-chains is not so marked.

Believing the invention to be a meritorious one, we decline so to limit the claims as practically to invalidate the patent.

The order is affirmed.