## H. CHANNON CO. v. PARSONS NON–SKID CO., Limited, et al.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1913. Rehearing Denied March 11, 1913.)

### No. 1,931.

PATENTS (§ 328*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

The granting of a preliminary injunction against infringement of the Parsons patent, No. 723,299, for a chain tire grip, *held* within the discretion of the trial court.

[Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; Arthur L. Sanborn, Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Suit in equity by the Parsons Non-Skid Company, Limited, the Weed Chain Tire Grip Company, and Harry D. Weed against the H. Channon Company. From an order granting a preliminary injunction, defendant appeals. Affirmed.

Walter H. Chamberlin, of Chicago, Ill., for appellant.

Edward Rector and Victor Elting, both of Chicago, Ill., and Frederick S. Duncan, of New York City, for appellees.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. Appellees began this suit to restrain appellant from continuing an alleged infringement of the Parsons patent, No. 723,299, for antiskidding means, commonly used on automobile tires, and applied for and obtained a preliminary injunction.

In the Parsons patent the essence of the invention is that the antiskidding means shall be held across the tread of the tire by means of two rings, one at each side of the wheel, of less diameter than that of the wheel, but held so loosely that the antiskidding means may travel circumferentially about the wheel and thus not injure the tire, as would antiskidding means held fixedly in place. Excelsior Supply Co. v. Weed Chain Co., 192 Fed. 35, 113 C. C. A. 1.

For the purposes of the hearing of the application for the preliminary injunction, the trial court, in view of our decision above cited, did not commit an abuse of judicial discretion in accepting the patent as valid and in believing that appellant on full proofs might be unable to make a more effective assault upon the patent than had the Excelsior Supply Company.

Respecting the fact of infringement there was a cloud of conflicting affidavits. No matter to what conclusion any member of this court, if he were acting as the trial judge, might come in regard to the preponderance of the affidavits, this court as an appellate tribunal will not undertake to settle the fact of infringement on the preliminary record. It is enough that we find in the showing a fair basis for the trial judge's present finding of the fact of infringement; that is, there is evidence in the affidavits to the effect that appellant was making the identical structure of the Parsons patent and that his supplying a means with which to fasten his structure rigidly to the wheel (with instructions that his structure should be so used) was a cover and a sham. See Parsons Non-Skid Co. v. Atlas Chain Co. (C. C. A.) 198 Fed. 399.

In short, as to both validity and infringement, appellant fails to establish by this record that the trial court abused that judicial discretion which may properly be exercised in granting or withholding a preliminary injunction. Compare Winchester Repeating Arms Co. v. Olmsted, 203 Fed. 493, at this term.

The decree is affirmed.