PARSONS NON–SKID CO., Limited, et al. v. E. J. WILLIS CO.

(Circuit Court of Appeals, Second Circuit. November 11, 1913.)

No. 12.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—CHAIN ARMOR FOR PNEUMATIC TIRES.

The Parsons patent, No. 723,299, for armor for pneumatic tires, *held* not anticipated, valid, and infringed.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Parsons Non-Skid Company, Limited, the Weed Chain Tire Grip Company, and Harry D. Weed against the E. J.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Willis Company. Decree for complainants, and defendant appeals. Affirmed.

For opinion below, see 190 Fed. 333.

On appeal from a final decree in equity, holding valid and infringed letters patent to Harry Parsons, No. 723,299, dated March 24, 1903, for armor for pneumatic tires.

The patent has been in general and continuous litigation for the last three years and has been sustained and infringement found in twenty-four instances. Appeals have been taken in at least five of these cases, resulting in each case in an affirmance of the decree of the lower court finding validity and infringement of the patent. These decisions are by the Circuit Court of Appeals of the Sixth, Seventh and Second Circuits and will be found in 192 Fed. 35, 113 C. C. A. 1; 192 Fed. 41, 113 C. C. A. 14; 196 Fed. 951, 118 C. C. A. 105; 203 Fed. 862, 122 C. C. A. 173.

The decision of this court holding the patent valid and infringed is reported in 198 Fed. 399.

Emery, Booth, Janney & Varney, of New York City (Lucius E. Varney, of New York City, of counsel), for appellant.

Duncan & Duncan, of New York City (Frederick S. Duncan, of New York City, of counsel), for appellees.

Before COXE, HUNT, and ROGERS, Circuit Judges.

COXE, Circuit Judge (after stating the facts as above). If it be possible in a patent cause to reach a stage where everything that has the remotest bearing on the issue has been said and where every question relating to the validity of the patent has been decided, this would seem to be such a case. All the important questions have been decided over and over again by the unanimous judgments of twenty-four tribunals, six of them being courts of appeal. We have been unable to find a single vital proposition advanced at this hearing which has not been decided against the defendants over and over again.

To enter upon a general discussion of all the propositions argued would involve a repetition of what we have said in the Atlas Case and what was said by the Court of Appeals of the Seventh Circuit in the Excelsior Supply Case. We have looked in vain to find any new defense which injuriously affects the patent.

It can hardly be expected, with such an unbroken current of authority in favor of the patent, that this court will discard its former decision and hold the Parsons patent invalid unless new and cogent proof is presented which convinces us that the long array of prior decisions has been erroneous. No such proof has been presented. We are asked to consider letters patent No. 768,495, granted August 23, 1904, application filed February, 1904, "not to establish that Weed was a prior inventor, but as an aid to a completer understanding of the nature of Parsons' discovery and to establish the entire subordination of this discovery to a question of structure." In view of the fact that Parsons' application was filed December 17, 1902, and his patent issued March 24, 1903, over ten months before the Weed patent was applied for, we are unable to perceive what legitimate bearing the latter patent has upon the present issue. The Parsons patent is not difficult to comprehend and we think it can be clearly

understood without resort to the art as it existed nearly a year after the patent was issued.

The Clark English patent for an "improved non-slipping band or appliance for pneumatic tires of bicycles" was fully considered by Judge Sanborn in Weed Chain Co. v. Excelsior Co. (C. C.) 179 Fed. 232. He says at page 235:

"The Clark-Wertheim-Rosenberg patents represent the same invention patented in different countries. In the specification of each and all of them it is said that the device (which was made for bicycle tires) is so embedded in the rubber of the tire casing that it cannot change its position as a whole. By making some changes disclosed by the Parsons invention it is now possible to obtain fair results from its use although it rapidly wears out. The Clark invention was for a different combination and though not entirely inoperative possesses little utility."

The tests made of this device make it clear that it does not operate upon the principle of the Parsons chain grip and that it would be useless if applied to the wheels of an automobile. It is designed to fit rigidly on the tire and has no equivalent for the Parsons loosely fitting cross chains, which creep and do not pound the road and wear out the tire.

We cannot resist the conclusion that the Clark traction bands designed to fit snugly around the tire and not to slip or creep would be practically useless if applied to an automobile and in no way anticipate the claims of the Parsons patent.

The decree is affirmed with costs.