PERRY et al. v. WEED CHAIN TIRE GRIP CO. et al.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1914.)

No. 2616.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—CHAIN TIRE GRIP.

The Parsons patent, No. 723,299, claim 6, for non-skid chains for automobiles, *held* valid and infringed.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit in equity by the Weed Chain Tire Grip Company, Harry D. Weed, and the Parsons Non-Skid Company, Limited, against Arthur S. Perry and Milton H. Perry, doing business under the name of Perry Chain Grip Company, the Union Steel Screen Company, and the Motor Specialty Company. Decree for complainants, and defendants appeal. Affirmed.

O. C. Billman, of Cleveland, Ohio, for appellants.

Frederick S. Duncan, of New York City, for appellees.

W. H. Chamberlin, of Chicago, Ill., amicus curiæ.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. There was a decree below adjudging infringment of all the claims of the Parsons patent, No. 723,299, upon non-skid chains for automobiles. This patent has been the subject of so many reported decisions [1] that it is useless to set out the details of the present controversy. Infringement is not denied The contest is on the issue of validity

If it had been made clear to the Circuit Court of Appeals of the Seventh Circuit, as it now seems to appear from the Scientific American articles, that Thomson's armor not only really had the creeping motion around the tire, but that he knew and understood this function and claimed merit for it, that court might not have sustained the first and the other very broad claims of the Parsons patent. These claims are not confined to non-skidding devices, or to vehicle wheels, but extend to protective armor and to all kinds of wheels or pulleys. However, we do not doubt that Parsons' development of the idea and his practical application of it to rapidly running wheels by the cross-

[1] Weed Chain Tire Grip Co. v. Excelsior Supply Co. (C. C.) 179 Fed. 232; Parsons Non-Skid Co. v. E. J. Willis Co. (C. C.) 190 Fed. 333; Excelsior Supply Co. v. Weed Chain Tire Grip Co., 192 Fed. 35, 113 C. C. A. 1; Pitts Anti-Skid Chain Co. v. Weed Chain Tire Grip Co., 192 Fed. 41, 113 C. C. A. 14; Parsons Non-Skid Co. v. Seneca Chain Co. (C. C.) 192 Fed. 46; Weed Chain Grip Co. v. Atlas Chain Co. (D. C.) 194 Fed. 448; Weed Chain Tire Grip Co. v. Cleveland Chain & Mnfg. Co. (C. C.) 196 Fed. 213; Parsons Non-Skid Co. v. Asch (D. C.) 196 Fed. 215; Parsons Non-Skid Co. v. McKinnon Chain Co. (D. C.) 196 Fed. 218; Parsons Non-Skid Co. v. Atlas Chain Co., 198 Fed. 399, 117 C. C. A. 286; H. Channon Co. v. Parsons Non-Skid Co., 203 Fed. 862, 122 C. C. A. 173; Parsons Non-Skid Co. v. E. J. Willis Co., 209 Fed. 227, 126 C. C. A. 333.

chains, or equivalent device well adapted to creeping, was a meritorious invention, and this—the invention in its commercial form—is protected by claim 6. Whether the remaining claims are valid is of no vital importance to defendant, and in such a situation any uncertainty we may feel regarding some of them does not justify us in declining to follow the repeated adjudications.

The decree below must be affirmed, with costs.