## WIRE ROPE APPLIANCE CO. v. EUREKA TOOL CO. OF KANSAS.

(District Court, D. Kansas, Second Division.    March 6, 1919.)

No. 78–N.

1. PATENTS ⬤═326(2)—INJUNCTION AGAINST INFRINGEMENT—VIOLATION.

Where a defendant was adjudged to have infringed a patent, and an injunction was issued, he was guilty of contempt in continuing to make similar articles, although there was a change, where the change made from the original infringing device was merely colorable, and not substantial, and the court could clearly see the obvious intent to further infringe upon the rights protected by the decree.

2. PATENTS ⬤═326(2)—VIOLATION OF DECREE AGAINST INFRINGEMENT—COLORABLE CHANGE.

One who had been enjoined from infringing a patented swivel jar socket was guilty of contempt in continuing to make a stiff line jar socket, which could be readily converted to a swivel jar socket by the mere removal of a pin, or by failure to insert the pin in practical operation; the change being merely colorable, and not substantial.

In Equity. Suit by the Wire Rope Appliance Company against the Eureka Tool Company of Kansas. Decree for plaintiff. On motion to show cause why defendant and its president, Charles A. Towne, should not be punished for contempt. Defendant and its president adjudged guilty of contempt.

R. W. Kellough and Franklin H. Griggs, both of Tulsa, Okl., and Darwin S. Wolcott, of Pittsburgh, Pa., for plaintiff.

Vernon E. Hodges, of Washington, D. C., and Winfield Freeman, of Kansas City, Kan., for defendant.

POLLOCK, District Judge. On due consideration, after hearing heretofore had, the court did on November 30, 1917, enter a final decree herein finding defendant guilty of infringement, and enjoining it, its officers, agents, servants, and employés, from further infringing upon rights owned by plaintiff under letters patent No. 1,045,883, granted to one John Edwin Prosser December 3, 1912, and commonly known as the Prosser patent, covering an appliance called a wire rope swivel jar socket employed in the drilling of oil and gas wells. Thereafter, and on October 25, 1918, said decree was, on due notice and hearing, amended in certain respects. Thereafter the plaintiff, in due form, applied to the court for a rule to show cause against defendant company and its president, one Charles A. Towne, if any they had, why they should not be adjudged guilty of contempt in failing and refusing to abide by and obey the injunctive decree of this court heretofore rendered in this cause, and desist from longer infringing against the rights of plaintiff, under said letters patent. The matter has now been fully heard and considered, and comes on for judgment and order.

The Prosser letters patent, declared to have been by defendant infringed upon, covered what is commonly called in oil-drilling operations a swivel jar socket, as fully described in a copy of said let-

ters patent filed herewith. The two distinctive features of this socket were the jar allowed in drilling operations, and the swivel to which the wire rope was attached turning in the socket head. After the entry of decree herein defendant company, through its president, Charles A. Towne, conceived the idea, if the swivel head turning within the socket should be flattened on one of its sides by a groove cut therein, and a hole bored through the socket, and a pin inserted therein, thus making the socket a stiff wire rope socket in operation, instead of a swivel jar socket, infringement of plaintiff's rights would be avoided, and the injunctive order in this case not violated. This was done, and defendant pursued the business of manufacturing its drilling sockets in substantial conformity with the Prosser patent save and except with the added slot cut in the swivel and pin passing through the socket. This addition in fact did, so long as the pin remained inserted through the socket, convert the former Prosser swivel or turning jar socket into one that did not act as a swivel in its operation. However, the proofs disclose, that which is on its face self-evident, if the inserted pin be by the workman using the tool withdrawn from its place, or in operation should become worn out or broken at times, the socket became in its operation a Prosser swivel jar socket.

In this condition of the record defendant and its president, now being proceeded against as for a civil contempt, in their brief and argument state the issue involved to be as follows:

"While contempt is alleged for violation of the injunction of this court, the fundamental question presented is not one of contempt, but one of infringement, pure and simple."

With this contention, however, I cannot agree. The entire question of infringement in this case has passed to final decree absolute; hence no such issue is here raised, or may be determined. True, if the defendant and its officer here proceeded against are, and since the decree herein entered against them have been, engaged in good faith in making and vending a socket so different in its character and nature from the infringing device defendant was enjoined from making, vending, and using by the final decree herein as not to fall within the issues of the case in which the decree was entered, in such case it would be the duty of plaintiff to file a new bill to have such determination made, and the application for contempt denied. Howard v. Mast, Buford & Burwell Co. (C. C.) 33 Fed. 867; Temple Pump Co. v. Goss Pump & Rubber Bucket Manuf'g. Co. (C. C.) 31 Fed. 292; Crown Cork & Seal Co. v. American Cork Specialty Co., 211 Fed. 650, 128 C. C. A. 154; Kelsey Heating Co. v. James Spear Stove & Heating Co. (C. C.) 158 Fed. 414; Bonsack Mach. Co. v. National Cigarette Co. (C. C.) 64 Fed. 858.

[1] On the other hand, if the change made from the original infringing device is merely colorable, and not substantial, and a court can clearly see the obvious intent of those enjoined from infringement was to further infringe upon the rights protected by the decree and thus escape punishment for wrongdoing, contempt will be adjudged. Frank F. Smith Metal Window Hardware Co. v. Yates,

244 Fed. 793, 157 C. C. A. 241; Davis v. Perry, 120 Fed. 941, 57 C. C. A. 231; New York Scaffolding Co. v. Whitney, 224 Fed. 452, 140 C. C. A. 138; Leeds & Catlin v. Victor Talk. Mch. (No. 2) 213 U. S. 325, 29 Sup. Ct. 503, 53 L. Ed. 816; Parsons Non-Skid Co. v. Atlas Chain Co., 198 Fed. 399, 117 C. C. A. 286.

[2] The question thus raised is this: Do the appliances themselves in evidence in this case and the proofs adduced on this hearing clearly show the change made by defendant and its president, Towne, to be such a mere colorable mechanical equivalent as will be disregarded in this proceeding for contempt? A mere glance at the models in evidence suffice to show the appliance now being manufactured by defendant company is in every respect the Prosser wire rope swivel jar socket, with the addition of the slot in the side of the swivel and the inserted pin; that by the removal of the pin the socket becomes at once in all respects a Prosser swivel jar socket. True, so long as the inserted pin remains in place, in operation, it is not a swivel socket, as is the Prosser, but is for the time being a stiff line jar socket. But the readiness of its conversion to the swivel jar socket by the mere removal of the pin, or by the failure to insert the pin in practical operation, or to make the addition of the slot and pin in the Prosser socket, taken in connection with the persistence shown by the officers of defendant corporation in infringing upon the rights guaranteed to plaintiff by the Prosser patent, convinces me the defendant and its president did, in the making, sale, and use of the present wire rope socket, violate the former decree of this court.

As shown by the proofs, the amount expended by the plaintiff in its investigation and preparation for presenting this contempt matter to this court has been in the neighborhood of $1,500, exclusive of all solicitor or counsel fees. As a result of the entire matter, it is adjudged the defendant corporation and its president, Towne, are guilty of violation of the decree of the court heretofore entered in this suit.

It is therefore ordered the defendant and Charles A. Towne, its president, shall pay into court, for the purpose of first defraying the costs of this contempt matter and a reasonable portion of the money expended by the plaintiff in this contempt proceeding, the sum of $2,000, for which execution shall issue against the defendant company as in civil actions at law. However, if said sum of $2,000 be not paid within 30 days from the date of the entry of this order, and judgment herein imposed upon the defendant and its president, Charles A. Towne, then and in that event Charles A. Towne, the president of the defendant company, for his contempt, shall be committed to the jail of Sedgwick county, Kan., for a period not to exceed 6 months, or until said judgment against him for contempt is paid and satisfied.

It is so ordered.