## NACESKID SERVICE CHAIN CO. v. PERDUE et al.

(Circuit Court of Appeals, Sixth Circuit. October 7, 1924.)

No. 3998.

1. Patents ⟋328—1,192,673, for anti-skidding device, held void for lack of invention.

The Nace patent, No. 1,192,673, for an anti-skidding device, comprising a series of independent chains encircling the rim of a wheel, and a ring on the outer side to which all the chains are slidably connected, held void for lack of invention, in view of the prior art.

2. Patents ⟋73—Date of application prima facie date of invention.

The filing date of the application, as shown by a patent, if uncontradicted, is sufficient evidence that the patentee was the inventor of the device on that date.

Appeal from the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit in equity by the Naceskid Service Chain Company against Harvey R. Perdue and others. Decree for defendants, and complainant appeals. Affirmed.

Thomas A. Connolly, of Washington, D. C. (Connolly Bros., of Washington, D. C., on the brief), for appellant.

Harry Frease, of Canton, Ohio, for appellees.

Before DENISON and DONAHUE, Circuit Judges, and COCHRAN, District Judge.

DENISON, Circuit Judge. The appellant's infringement bill, based upon the Nace patent, No. 1,192,673, July 15, 1916, for an anti-skidding device, was dismissed by the District Court for the reason that the device did not disclose patentable invention.

[1] The device consists essentially of a series of independent short chains, each adapted to encircle the wheel rim and tire of an automobile, and particularly the large tire of a truck. One end of the chain carries a ring; the other, a snap. These chains being passed around the tire and the ends snapped together, making a series of rings on the outside of the wheel, another chain is passed through these rings and its ends fastened together, forming a circle perhaps midway of the length of the spokes.

Claims 2 and 3 are sued upon. Appellant's counsel concede that, in order to be valid, claim 2 must have limitations implied which make it substantially equivalent to claim 3. The latter reads as follows:

"3. An anti-skidding device, comprising a series of independent chains encircling the rim of a wheel and a ring on the outer side of the wheel to which all of the chains are slidably connected."

The patent is not completely anticipated by earlier ones. No other patent shows the combination of the tire-encircling chains slidably connected with only one annular side chain; but the art does show independent tire-encircling chains separately attached to a ring carried upon the outside of the spokes near the hub, and also shows other forms of anti-skidding devices, in the shape of tire-encircling hoops or bands, held in position through slidable connection with a flexible annular member opposite the outside of the spokes. Even if the use of a slidable connection between the tire-encircling devices and an annular holding member were not thus disclosed in the same art, we could not see invention in its adoption by Nace. It might be otherwise if the adoption of the slidable, instead of a fixed, connection gave any peculiar utility; but it does not. The tire chains of Nace are not adapted to travel or creep around the tire as in the Weed chain (Perry v. Weed Co. [C.

C. A. 6] 215 Fed. 921, 132 C. C. A. 415); each of them can creep only the distance between the two spokes, and for that limited purpose the slidable connection of Nace is the mere equivalent of the elastic connection of Young (No. 1,056,082, March 18, 1913).

Nace's conception, that by using only one annular holding device for the tire chains, and that one on the outside of the wheel, he will cause a broken chain to be thrown to the outside and kept away from the sprocket chain or other driving mechanism, is disclosed by Young. Though it is not mentioned in his specification, this pulling of the broken chain to the outside of the wheel is the inevitable result of Young's construction.

Nor, in view of the state of the art, can we see patentability in making the annular holding member for the side chains flexible. It is true that, in case a tire chain breaks, the adjacent part of the annular chain will tend to become the chord of its former arc, and thus pull the tire chain out; but this is the common behavior of the annular side chain members of the Weed and similar chains.

Upon the whole case, we concur with the District Judge in thinking that such changes as Nace made in the Young device were within the skill of the mechanics familiar with that art.

[2] Under the settled rule in this circuit (Lemley v. Dobson [C. C. A. 6] 243 F. 391, 156 C. C. A. 171), the filing date of the Young application, shown by the Young patent, if uncontradicted, is sufficient evidence that Young was the inventor of the device on that date, and hence that Nace, who does not claim conception until a later date, was not the first inventor; and not only are the pleadings sufficient to raise this issue, but the record shows no objection to the introduction of Young's patent in evidence.

The decree is affirmed.