### HOMMEL MFG. CO. et al. v. EAST SIDE MFG. CO. et al.

(District Court, N. D. California, S. D. August 18, 1926.)

#### No. 1501.

1. Patents ⬡328—No. 1,435,429, for furring nails for holding wire netting against walls, held valid.

Sullivan patent, No. 1,435,429, for furring nails to hold wire netting to the walls of buildings in spaced relation thereto, as a means of holding cement plaster against the walls, held valid.

2. Patents ⬡170—Patent must be construed as limited by prior inventions and prior state of art.

Patent must be construed with limitations placed on claims and specifications according to prior inventions and prior state of the art.

3. Patents ⬡140—Applicant for reissue patent may add claims to cure defects in claims of original patent.

Where claims of an original patent are not commensurate with the original invention, Commissioner of Patents may by reissue cure such defects, and allow patentee to add claims, giving him protection to which he is entitled.

4. Patents ⬡141—Reissue patent, covering different invention than original patent, is void.

Where reissue patent and certain claims thereof were intended to and do in fact cover different inventions than original patent, the reissue patent is void, and ineffective to confer any rights.

5. Patents ⬡328—No. 1,552,780, claims 1, 3, 5, for furring nail, held invalid for anticipation.

Voight patent, No. 1,552,780, claims 1, 3, and 5, for furring nail to fasten wire netting on walls to hold cement plaster, held invalid for anticipation.

6. Patents ⬡328—Reissue, 16,103, claims 1 to 13, for furring nail, held valid, but not infringed.

Sullivan reissue patent, No. 16,103, claims 1 to 13, for furring nail to fasten wire netting to walls as means of holding cement plaster, held valid, but not infringed.

7. Patents ⬡328—Reissue, 16,103, claims 14 to 18, for furring nail, held invalid, as broader than original patent.

Sullivan reissue patent, No. 16,103, claims 14 to 18, for furring nail to fasten wire netting to walls to hold plaster, held invalid, as broader than the original patent.

In Equity. Patent infringement suit by the Hommel Manufacturing Company and another against the East Side Manufacturing Company, a copartnership, and others, in which defendants filed counterclaim. Decree in accordance with opinion.

White, Prost & Fryer and Charles M. Fryer, all of San Francisco, Cal., for plaintiffs.

Charles E. Townsend, William A. Loftus, and William S. Graham, all of San Francisco, Cal., for defendants.

KERRIGAN, District Judge. This is a suit brought by the plaintiff Sullivan, as patentee, and by his licensee, Hommel Manufacturing Company, to restrain the manufacture and sale of Sullivan's device by the defendants, on the ground that such manufacture and sale constitute an infringement upon United States reissue letters patent No. 16,-103; said patent being a reissue of original patent No. 1,435,429, granted to Sullivan November 14, 1922, for the same alleged invention. The infringement complained of results from the fact that the defendant Walter E. Marquart is manufacturing and selling the device under a license granted to him by the defendant George F. Voight, under letters patent obtained by Voight, No. 1,-552,780, which were granted September 8, 1925, on an application filed October 22, 1923.

In defendants' answer a counterclaim against the plaintiffs herein has been set up, alleging infringement by plaintiffs of the above-mentioned patent obtained by Voight upon his device; the principal claim in this regard being that his patent is infringed by Sullivan's device, which is called the "Invincible" nail. Both devices are what are known as furring nails, and the purpose of such nails in this case is to secure wire net-

ting to the walls of a building in spaced relation thereto, in order to provide means to hold cement plaster against the walls. The furring nail made under the original Sullivan patent is called the "Bulldog," and the type made by him under the reissue patent is the so-called "Invincible" nail. That made under the Voight patent is the so-called "Black Jack."

[1, 2] The decision I have reached will render it necessary to consider only two of the many points discussed in the briefs. Preliminarily, however, it should be said that the original Sullivan patent, No. 1,435,429, is valid, lacking in neither novelty nor invention. But in view of the prior art, as disclosed by the Hammond patent, No. 389,-885, the Badger patent, No. 1,372,387, and the Johnson patent, No. 1,036,522, it cannot be said that the original Sullivan patent is a pioneer in the art of securing a wire or wire netting to a support, and in spaced relation thereto. Hence, in construing that patent, it is not entitled to be given a broad or liberal interpretation, but will be strictly construed. "Limitations must be placed upon the claims and specifications in view of the prior inventions and the prior state of the art," as it is expressed in the authorities. 20 R. C. L. 1128.

[3, 4] Coming, now, to the first of the two main points to be decided, the question is whether claims 14 to 18, inclusive, of the Sullivan reissue patent are valid. In my opinion they are not, for the reason that they are broader than the real and original invention. It is true, as contended by plaintiffs, that, when the claims of an original patent are not commensurate with the original invention, the Commissioner of Patents may by a reissue cure such defects, and allow a patentee to add claims giving him the protection to which he is entitled. But when, as here, it is apparent upon a consideration of the evidence, including the state of the art existing at the time of the reissuance of the patent, that the reissue patent and certain claims thereof were intended to and do in fact cover a different invention, the reissue patent is void, and ineffective to confer any rights.

In this behalf it should be noted that the evidence unmistakably discloses that Sullivan did not apply for his reissue patent until a considerable length of time had elapsed after the issuance of his original patent, and also until after a considerable period of time after he had seen the Voight device, and after Voight had secured a patent thereon. The evidence further discloses that the plaintiff

16 F.(2d)—64

Sullivan sought to obtain a license from Voight to manufacture the furring nail covered by the Voight patent, and that it was only after he was unsuccessful in obtaining this that he applied for a reissue patent.

His contention that he had invented the "Invincible" furring nail long prior to the time when Voight claimed to have invented his "Black Jack" seems improbable, in view of the fact that the "Invincible" nail is far superior to that disclosed in the original Sullivan patent called the "Bulldog." It therefore appears reasonable to assume that, had Sullivan really invented the furring nail having the marked advantages possessed by the "Invincible," he would have applied for a patent covering that device, instead of making application for one covering an inferior and impracticable structure.

It is therefore hereby held that the claims 14 to 18 of reissue patent No. 16,103 are invalid, being, as before stated, broader than the original patent, and designed to cover a structure not contemplated by the Sullivan true and original invention. The remaining claims (1 to 13, inclusive) cannot be held to cover the furring nail known as the "Black Jack," which is manufactured by defendants, in view of the fact that the said claims cannot be read on that device, and cannot be construed to cover it.

The second main point to be decided brings me to the question whether or not the Voight patent, No. 1,552,780, is invalid, in view of the disclosure made by Keas and Hahn in their application for letters patent No. 670,149, filed October 22, 1923. Upon examination of the file wrapper, it is found that a furring nail similar to the Voight "Black Jack" is shown in Figures 6 and 7 of the drawing originally filed with the specifications (Plaintiff's Exhibit 18). The device disclosed in the said figures is identical in all important respects with the "Black Jack" furring nail patented by Voight on application filed by him on the 6th day of May, 1924.

The file wrapper of the Keas and Hahn patent discloses the fact that Figures 6 and 7 were canceled from the drawing, and the patent subsequently issued to them fails to show by reference or by illustration a device having a construction similar to the "Black Jack." It is contended by plaintiffs that the disclosure made in the original application of Keas and Hahn conclusively establishes that Voight was not the first inventor of the device disclosed and claimed in his patent. Notwithstanding the fact that Figures 6 and 7 were canceled from the Keas and Hahn

application prior to the issuance of the patent, I am of the opinion that Voight's patent was fully anticipated by these disclosures, and that it is for that reason invalid. This position is supported by the recent case of Alexander Milburn Company v. Davis-Bournonville Company, 270 U. S. 390, 46 S. Ct. 324, 70 L. Ed. 651 (decided March 8, 1926), which holds that a disclosure, made in a patent application, of a particular construction, even though subsequently abandoned, bars the granting of a valid patent to another on the same construction. The court in that case clearly holds that a patentee, in order to obtain a patent, must be the original inventor of the subject-matter claimed.

[5] In the present case Keas and Hahn, by their application for letters patent, filed fully six months prior to the filing of the application for letters patent by the defendant Voight, disclosed a device identical in construction with the device claimed by Voight. In view of the case just cited, and also of the cases of Lemley v. Dobson-Evans Company (C. C. A.) 243 F. 391, and Naceskid Service Chain Company v. Perdue et al. (C. C. A.) 1 F.(2d) 924, the Voight patent must be declared void, in so far as claims 1, 3, and 5 are concerned, those being the only claims involved in this suit.

[6, 7] Accordingly it is hereby found that claims 1 to 13, inclusive, of the Sullivan reissue patent, No. 16,103, are valid, but not infringed by defendants; that claims 14 to 18, inclusive, are invalid; and that all of claims 1, 3, and 5 of Voight patent No. 1,552,780, are invalid.

Each of the respective parties to pay their own costs.