WEED CHAIN TIRE GRIP CO. et al. v. CLEVELAND CHAIN & MFG. CO.

(Circuit Court, N. D. Ohio, E. D. August, 1910.)

No. 7,888.

PATENTS (§ 328*)—INFRINGEMENT—CHAIN TIRE GRIP.

    The Parsons patent, No. 723,299, for a chain tire grip for automobile wheels, conceding its validity, *held* infringed on a motion for preliminary injunction by a chain grip made and sold by defendant constructed substantially like that of the patent, but with which defendant supplies to purchasers two chain straps to secure the grip from traveling around the wheel, with a circular instructing them to attach such straps, which instructions purchasers may or may not follow; the grip being capable of use without them.

In Equity. Suit by the Weed Chain Tire Grip Company, Harry D. Weed, and the Parsons Non-Skid Company, Limited, against the Cleveland Chain & Manufacturing Company. On motion for preliminary injunction. Motion granted.

J. B. Fay, of Cleveland, Ohio, and Duncan & Duncan, of New York City, for complainants.

Thurston & Kwis, of Cleveland, Ohio, for defendant.

KILLITS, District Judge. This matter is before the court upon the application of the complainants for a preliminary injunction restraining the defendant from the manufacture and sale of chain grips for automobiles in infringement upon the patented invention of Harry Parsons under letters patent of the United States of America No. 723,299, and is considered by the court upon the motion papers and affidavits in behalf of complainants and the defendant and the arguments of counsel.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

By the admission of counsel in argument the court is relieved of the necessity of determining the validity of the Parsons patent, and is permitted to accept, for the purpose of the motion for a preliminary injunction, the decision of the Circuit Court of the Northern District of Illinois, Eastern Division, affirming the patent's validity; this court being asked only to differentiate between the opinion of the Illinois court and the facts before the court in this, and to find that opinion so limited as not to be applicable to the case before us. It appears from the evidence before us and the opinion interpreting the Parsons patent that the merit of the Parsons patent consists very largely in the invention of a construction of a chain grip capable of being so applied to an inflated automobile tire as that it will be secure thereon, and at the same time capable of moving over the tire, so that the transverse or gripping chains will not be held to the same points on the tread of the tire, thus avoiding rapid deterioration of the tire structure.

It is claimed in argument, and supported by some proof, which appeals to the court with a great deal of force, that a grip which is rigid upon the tire operates to rapidly disintegrate the tire structure to its destruction, and that, by a construction which permits these grips to move about the surface of the tire, this liability to rapid deterioration is very greatly minimized, while at the same time accomplishing the purpose for which a chain grip is applied to an automobile wheel. The defendant is putting upon the market, as plainly shown by the proof before the court, a chain grip which is substantially identical with the Parsons grip as manufactured by the complainants, who own the Parsons rights. Indeed, the illustrations in the defendant's circulars might well be used as illustrating the Parsons grip. They show no features discriminating the defendant's grip in any particular from the Parsons grip. The defendant, however, shows with its grip that it is putting on the market a feature not used by the complainants in the Parsons grip, and not indeed shown in the illustrations in defendant's circulars, in the form of a chain strap, or, rather, two chain straps, which secure the grip to the spokes of the wheel, so that the limit of the grips creeping upon the tire surface is between the spokes, and when once the grip has traveled far enough so that the straps come in contact with the spokes, thereafter, as the automobile proceeds in the one direction, the grip is rigid upon the wheel.

The advantage claimed by the defendants for these straps and this method of attachment is that the ability of the automobile wheel to revolve within the grip in slippery places, which fact is shown by the evidence to be probable, and which the court can see would result in rapid injury to the tire, is destroyed. If there is an advantage in having the grip travel over the wheel, so that the necessarily injurious effect upon the tire passing over the chain obstruction is lessened because the transverse chains change their position through the creeping of the grip, which is the great merit of the Parsons invention, this, of course, is lost through the use of defendant's chain straps, and the practical question to an automobile user then is whether he is willing

to loose this advantage to gain the advantage of a rigid connection of the grip with the tire to save the possible slipping of the tire within the grip. The defendant realizes and admits, indirectly at least, in this hearing that its grip without the use of the straps is an infringement upon the Parsons patent, and the question that presents itself to the court is this: Whether the court should permit defendant to put out an article that may or may not be used by the purchaser in a way that will be a plain infringement upon the Parsons patent, according as the purchaser prefers the one advantage over the other; that is to say, whether the purchaser prefers the advantage of his saving his tire through an unrestricted traveling of the grip over the tire to the possibility of being annoyed at times through the slipping of the wheel within the grip, or whether he prefers to avoid the latter annoyance and run the risk of wearing out his tire through the use of a rigid grip. Plainly, the defendant is selling an article capable of being used as described in the Parsons patent, while at the same time, of course, sending out an addition thereto, which the purchaser may or may not use, according as his whim or judgment moves him; and, as seen by the affidavits of the defendant, it called attention to that fact by the use of a tag attached to the straps put out with the grips, which read as follows:

"You are cautioned to use these straps to avoid infringement of the Parsons patent. (Sustained.) The purpose is to prevent the chain from moving or shifting its position around the periphery of the wheel. In using the tire chains, be sure to attach these to the side chains, passing a strap around the rim; otherwise, you may be held liable as an infringer. These chains are sold on condition of compliance with above directions."

It seems very clear to the court that, if we may assume that the Parsons patent is valid (which we are not now deciding), it is in violation of the spirit of that patent and of the law which should protect it to permit the defendant to put upon the market an article which is capable of being used precisely as the patented article is used, and which is, with the exception of some easily and readily discarded additions, a practical duplicate of the patented article, and that, upon the evidence now before the court may use the decision of the Illinois court for the purpose of this motion as controlling it, this preliminary injunction should issue.