**HILL RUBBER HEEL CO. v. I. T. S. RUBBER CO.**

(Circuit Court of Appeals, Sixth Circuit. December 7, 1920.)

No. 3410.

Patents ⬦328—Reissue 14,049, for rubber heel, valid and infringed.

The Tufford reissue patent, No. 14,049, for a rubber heel, *held* valid and infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit in equity by the I. T. S. Rubber Company against the Hill Rubber Heel Company. From an order granting a preliminary injunction, defendant appeals. Affirmed.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. J. Hudson, of Cleveland, Ohio (Thurston, Kwis & Hudson, of Cleveland, Ohio, and John E. Bruce, of Cincinnati, Ohio, on the brief), for appellant.

F. O. Richey, of Elyria, Ohio (Chas. A. Brown, of Chicago, Ill., on the brief), for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. This case turns upon the question of infringement of the same Tufford patent (reissue No. 14,049, January 11, 1916) which we have considered in Fetzer v. I. T. S. Co., 260 Fed. 939, 171 C. C. A. 581, U. S. Rubber Co. v. I. T. S. Co., 260 Fed. 947, 171 C. C. A. 589, Elyria Co. v. I. T. S. Co. (C. C. A.) 263 Fed. 979, and Tee Pee Co. v. I. T. S. Co. (July 15, 1920) 268 Fed. 250. The rubber heel made by the Hill Company, the defendant below, was held to infringe, a preliminary injunction was ordered, and the Hill Company appeals.

Both sides argue forcefully some of the questions of validity and construction which we have considered in the other cases, but we do not find sufficient occasion to modify any of the conclusions formerly reached. We think the court below was right in classifying the defendant's heel with those of the United States Rubber Company, rather than those of the Tee Pee Company. This case illustrates a situation frequently arising:

Convinced that the patentee has made a useful advance, the court sustains the patent. Though it is compelled to distinguish from the prior art by a narrow line of difference, it is satisfied that the patentee's form is a safe distance beyond the line. Then come other forms, which get nearer to the prior art, while still retaining at least part of the distinctive merit of the invention, and it soon becomes apparent that there is no conclusive and thoroughly satisfactory criterion by which some of these forms can be arranged with reference to the division line. The court can only approximate certainty, and determine the issue according to what seem to the court to be the dominant elements of resemblance or difference. In the present case, this becomes especially difficult, because defendant has made only heels which are so small in size that no characteristics of shape are as prominent or as clear as they would be in larger sizes. The upper surface looks to be "saucer-shaped"; such effective measurements as can be made do not dispute this inference, but tend to confirm it; and there certainly is no distinct or sure falling away of the surface, or descending line from the center of attachment to the center of the breast, such as we have found does exist in the Tee Pee heels. Under the facts as we view them, we must resolve the doubt against the defendant.

Defendant also claims immunity because it uses an imbedded plate, said to be like Nerger. We have so far declined to let our finding of invention by Tufford rest on the absence of Nerger's plate; no more can the presence of a plate (which does not prevent the edge sealing) negative infringement.

The order appealed from is affirmed.