### WHEATLEY v. REX–HIDE, Inc.
#### No. 6781.

*Circuit Court of Appeals, Seventh Circuit.*
*March 15, 1939.*

Franklin D. Trueblood and Craig R. Johnson, both of Chicago, Ill., for appellant.

Frank Parker Davis, of Chicago, Ill., and Robert M. Pierson, of Akron, Ohio, for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

Appellant charged appellee with infringement of his United States patent number 1,621,388. It was issued March 15, 1927, on an application filed December 3, 1923. The defenses were invalidity, non-infringement and estoppel. The court held that the patent was invalid, but that if it were valid it was infringed by appellee's device. The court further held that appellant was estopped from enforcing the patent against appellee. The complaint was accordingly dismissed for lack of equity, and from this decree the appeal is prosecuted.

Appellant's disclosure relates to a rubber flap for use in connection with pneumatic tires. The object of the invention is to provide a simple and inexpensive floating flap adapted to protect the inner tube from the rim and the beads; and to minimize depreciation of the flap and ad-

jacent parts during severe service conditions. More particularly the flap is intended to protect the inner tube from contact with the rim and from any possible pinching by the base portions of the tire, thus affording protection to the inner tube against injury by the tools that are used in putting the tire on the rim or taking it off. The flap is constructed of rubber or rubber composition and without fabric. It is less expensive than types ordinarily used heretofore, and is not liable to rot. It is preferably made in a tubing machine, then lapped at the proper diameter and pulled over a ring, and then vulcanized. Through it is provided a hole through which the tire valve extends.

In operation, the flap floats, so far as the rim is concerned, except that the tire valve passing through the flap prevents the flap from creeping. The contour of the flap prior to installation is concave inwardly and is approximately the same as its contour after installation. Thus a resilient fillet is formed for the inner tube at the beads of the case. The possibility of pinching at the bead is thus avoided, in so far as the flap cannot collapse on itself or shape itself to pinch the tube as the tube expands. A further claimed advantage of the disclosure is that the shape of the flap is generally the same after installation as before and this prevents undue flexing. An additional advantage is that the fillet provides an air pocket which cushions the flap and tube as its moving load is applied, thus reducing any possible chafing or sticking of the tube and flap. There are but two claims and both are relied upon.[1]

■ The District Court in its memorandum opinion (Wheatley v. Rex-Hide, 25 F. Supp. 543) held that the claims were prob-

ably anticipated by British patents to King No. 17,516 of 1894, and Beldam & Ryall, No. 18,544 of 1914; and that it was definitely anticipated by United States patent to Clark (1924) No. 1,600,799. The court in that opinion set forth the facts on which it based the finding that appellant was estopped from asserting infringement. A perusal of the record convinces us that the conclusion in both respects was sound, and we have nothing to add to the language there employed.

■ Appellee seeks to have us consider the District Court's ruling on the question of infringement and reverse the District Court on its finding that the patent, if valid, was infringed by appellee. Appellant, however, insists that this court has no right to consider that question because appellee made no cross-assignment of error. Under the ruling in Ottenheimer Bros. v. Libuwitz, 4 Cir., 74 F.2d 858, we think this court is authorized to consider that question.

Both claims of the patent differ from those that had previously been rejected by the examiner, by specifying a "one-piece flap," a convex side, and also a thickness at the middle. Claim 1 differs from those previously rejected on Clark by specifying "a smooth fillet at the tire base but not following the outline of the tire section at said base under conditions of inflation;" also that the flap is "adapted to be stretched over the edges of the rim." Claim 2 differs from those previously rejected on Clark by specifying that the flap "when in an inflated tire does not contact with the bead edge of the tire at the rim on which the tire is mounted," and by further specifying "a resilient fillet * * * for the tube across the corner between the tire and rim." It is contended by appellee

---

[1] 1. An all-rubber, endless and one-piece tire flap having a sectional contour prior to installation, generally the same as the contour after the installation, adapted to protect the inner tube from contact with the rim and from pinching by the tire base, said contour comprising a concave section having an opposite convex side forming a smooth fillet at said tire base but not following the outline of the tire section at said base under conditions of inflation, said flap being relatively thick at the central portion thereof and tapering toward the edges thereof, and adapted to be stretched over the edges of a rim to be inserted between the inner tube and said rim and to extend up on the inner surface of the base portion of said tire.

2. An all-rubber, endless and one-piece tire flap having a sectional contour prior to installation, generally the same as the contour after the installation, said contour comprising a concave surface and a convex surface, the flap being thick at the central portion thereof and tapering at the edges substantially to points, whereby said flap, when in an inflated tire, does not contact with the bead edge of the tire at the rim on which the tire is mounted and whereby a resilient fillet is formed for the tube across the corner between the tire and the rim.

942

that its flap does not normally answer the purpose of Wheatley's claim for a flap "having a sectional contour prior to installation generally the same as the contour after the installation." It is conceded, however, that appellant demonstrated this contention, was not sound when using one of appellee's flaps on a 32 x 6 truck tire mounted on a 6 inch rim. With respect to this demonstration appellee says: "With this specially contrived exhibit he (appellant) did manage somehow to prevent the flap from following down along the beads to any great extent and from changing general cross-sectional contour to the extent of flattening across the base of the rim. This was evidently accomplished, as pointed out by Mr. Kempel, by using an oversize flap, that is to say, a flap an inch wider than the one recommended for use in this size of tire, so that an abnormal extent of gripping of the wings of the flap between the inner tube and casing was had and the flap consequently restrained from flattening down across the surface of the rim between the beads of the casing and thus from very pronouncedly departing from the cross-sectional contour prior to installation."

Appellant however contends, and testified, that the flap used in this demonstration was the correct size for that size tire. He further urges that if appellee had a list of recommended sizes of flaps for use with tires of given sizes, it was not produced in evidence, nor was there any evidence to prove that every purchaser was warned to use the flap so as not to infringe appellant's patent. He further contends, and we think rightly so, that even if such instructions were given there would still be infringement under the rulings in Weed-Chain Tire Grip Co. v. Cleveland Chain & Mfg. Co., C.C., 196 F. 213; and Johnston v. Davenport Brick & Tile Co., D.C., 237 F. 668.

There was further evidence that appellee's flap was identical with the flaps manufactured by appellee from 1922 to 1928. Furthermore, appellee's advertising extolled the result of the filleting function of the Wheatley improved flap as he had explained it to Kempel in 1924. Under these circumstances, we think that appellee is not in a position to deny infringement. See Gibbs v. Triumph Trap Co., 2 Cir., 26 F.2d 312. Our conclusion in this respect is further supported by the relations of these parties and their statements and dealings with each other, and we are convinced that the court was not in error in holding that appellee's structure infringed the patent if valid.

Decree affirmed.