## McMillan and others v. Conrad.[*]

(Circuit Court, E. D. Missouri.   May 2, 1883.)

1. PATENTS—PROVISIONAL INJUNCTION—BOND.

In a suit brought by a patentee, alleging an infringement and only claiming a royalty or license for the use of the patented device, a motion for a provisional injunction simpliciter will not be granted of course, even where the patent alleged to have been infringed has been held valid in cases against other infringers; the defendant will be held only to give bond to the plaintiff to secure him to the full extent of his demand, with costs, etc.

2. SAME—TEST CASE—ABANDONMENT OF APPEAL.

Where a patentee brought different suits against A., B., and C. for an alleged infringement of his patent, and the suit against A. was made a test case and went to final hearing, and the patent was held valid and A. held to be an infringer, and A. appealed, but abandoned this appeal at the patentee's instance for a consideration, and the cases against B. and C. were dismissed, and C. continued to use the patented device, held, in a suit subsequently brought aginst C. for infringing the same patent, that he was not bound by the decision in the case against A.

Motion for a Provisional Injunction for the Infringement of a Patent.

Paul Bakewell and Wm. Bakewell, for complainants.

Given Campbell and R. H. Parkinson, for defendant.

TREAT, J.   This is a motion for a provisional injunction.   Counsel have been heard at great length.   The court stated that when the patentee only claimed a royalty or license fee for the use of his device, the rule here was to require the defendant to give the plaintiff a bond to secure plaintiff to the full extent of his demand, with costs, etc., when the defendant contested the demand.

It is true that the case before the court has many novel aspects. Some seven or more years ago cases were brought in this court against several defendants for an alleged infringement of the patent in question.   One went to final hearing, and it was held that the patent was valid, and that the defendant in that case infringed.   An appeal was taken.   That appeal, it seems, was abandoned, at the instance of the plaintiff, for a consideration named.   It was understood that the case heard was a test case.   The other cases, including one against this defendant, were dismissed.   Since that time, it may be, this defendant has continued to use the patent device.   Had he not a right to suppose that the plaintiff's demand against him was abandoned?

*Reported by B. F. Rex, Esq., of the St. Louis bar.

It is said that more than a hundred cases have been instituted against as many parties, in some of which, on final hearing, the patent has been upheld, and in others provisional injunctions granted; therefore, this defendant must be taken out of the general rule, for he was bound to know the course of litigation. But he had been a party litigant and discharged. He had no further interest directly in the controversy; was not bound to attend to or watch controversies between other persons. It was his duty to attend solely to his own affairs.

It is urged that if a patenteee has to pursue in separate suits each infringer, the value of his patent is lost through accumulated costs, expenses, etc. On the other hand, the defendant in a specific case is no more bound by the decree in another case than is the plaintiff. If the 100 cases suggested had been decided against the plaintiff, could the defendant avail himself of them on this motion? The rights of each must be determined by the case presented. It might be wiser, and so this court thinks, if the law made proper provision for determining, once for all, the validity of a patent when assailed. But the law must be taken as found, and each defendant held to have an independent right to contest the validity of the patent. It may be that infringers persecute a patentee by contesting his right *ad infinitum*, and it may also be that a patentee without merit persecutes *ad infinitum* the public at large. There are always two phases to such suggestions, neither of which should control the judgment of the court, although the facts and circumstances presented might be persuasive in framing a provisional order.

It must be deemed conclusive on this motion that the decree heretofore rendered established the validity of the patent; that an appeal was taken, which, for reasons satisfactory to the specific parties, was dismissed; that thus a test case was never determined; that the present defendant was before the court as defendant then; that the case against him was dismissed; and that whatever has been held elsewhere in other cases to which he was not a party cannot properly affect him at this stage of the inquiry. He may or may not be an infringer, willful or otherwise; it may or may not be that when, as against him, the case is heard the patent will be held void, or that he has infringed. Hence, the various matters extraneous to this case are cognizable only to show that a provisional order is proper in some form. Nothing appears to vary the usual course; therefore a bond for $1,000 will be required.