HAMMERSCHLAG MANUF'G CO. *v.* SPALDING *et al.*

(*Circuit Court, D. Massachusetts.* May 8, 1888.)

1. PATENTS FOR INVENTIONS—REISSUE—WAXED PAPER.
   Claim 5 of reissued letters patent No. 8,460, of October 22, 1878, to Siegfried Hammerschlag, for a process of making waxed paper by machinery, is identical with the second claim of the original, viz., No. 193,867, of August 7, 1877, and the reissue was applied for within 14 months after the date of the original. *Held,* the validity of the reissue never having been questioned in any of the numerous prior decisions sustaining the patent, the claim should be sustained.

2. SAME—PATENTABILITY—ANTICIPATION.
   Claim 5 of reissued letters patent No. 8,460, of October 22, 1878, to Siegfried Hammerschlag, for a process of making waxed paper by machinery, *held* not anticipated by Edison. Following *Hammerschlag v. Wood,* 18 Fed. Rep. 175.

In Equity. On final hearing.

*Frost & Coe* and *Livermore & Fish,* for complainants.

*H. D. Hadlock, Thomas Weston, Jr.,* and *Lorenzo Dow,* for defendant.

COLT, J. The fifth claim of the Hammerschlag reissued letters patent No. 8,460 has been sustained by the court in this circuit, and in a number of other contested cases in several other circuits. *Hammerschlag v. Wood,* 18 Fed. Rep. 175; *Same v. Scamoni,* 7 Fed. Rep. 584; *Same v. Garrett,* 9 Fed. Rep. 43; *Same v. Bancroft,* 32 Fed. Rep. 585. In the present case, after an exhaustive hearing on the motion for a preliminary injunction, I held that the defendants' machine came within the scope of these decisions. I see no reason to change the view then taken. I agree with Judge GRESHAM, in the case of this complainant against Bancroft, "that a proper regard for uniformity of decision, especially in litigation of this character, should incline other courts to hold the patent valid against the same or substantially the same defenses until all controversy over its validity is put at rest by a decree of the supreme court of the United States." The new defenses which it is contended are raised in this case can hardly be said to be new. It is said that the fifth claim of the reissue is void. This claim is identical with the second claim of the original patent, and the reissue was applied for within 14 months after the date of the original. The validity of the reissue has never been questioned in prior decisions sustaining the patent, and, in spite of the elaborate argument of defendants' counsel, I deem it my duty to uphold

this claim. The defendants have the right of appeal to the supreme court; and, before adjudging a patent to be bad, which has been sustained in this and other circuits, the court should feel convinced beyond doubt that those decisions were wrong. The alleged anticipation of Edison was in substance before Judge LOWELL in the *Wood Case*, and this testimony cannot be said to be new in the Hammerschlag litigation, and therefore it affords no sufficient ground for successfully attacking the validity of the patent. A decree should be entered for complainant. Decree for complainant.