## LONG et al. v. DICK et al.

### No. 1078.

District Court, S. D. California, Central Division.

April 14, 1941.

Norbert Savay, of Los Angeles, Cal., for plaintiffs.

Earle P. Thompson and Ben S. Beery, both of Los Angeles, Cal., for defendants.

O'CONNOR, District Judge.

This action involves the alleged infringement of a patent granted to the plaintiff, Ralph L. Long, on July 9th, 1940, No. 2,207,322. The plaintiff, A. J. Koll Planing Mill, Ltd., a California corporation, has been, since June 15th, 1939, manufacturing and selling said device by virtue of a license issued to him by the plaintiff, Long. The patent relates to a hanger for sliding doors to simplify and lower the cost of the hanger means for a sliding door by making a track element for the hanger a part of the header or lintel construction of the doorway, thus avoiding the extra expense and labor involved in constructing and installing a separate track element for the door hanger means; and to provide a more perfectly concealed track means for the door hanging means; to provide a door opening header construction that may readily have its side portions coated with plastering; to provide for building in not only the track for the door hanger but also a part of the hanger element that cooperates therewith, thus making the installing of the door proper a very quickly and easily performed operation and to in other respects simplify and lower the cost of structures of the kind to which the invention pertains. And further to provide a door hanger whereby broader and more satisfactory bearing surfaces are afforded the bearing means and to better keep the door in place upon the hanger member. And to provide a more compact hanger means for slidable doors so that a plurality of doors slidable into overlapping relation to each other may more conveniently be installed in a single door opening. The mechanical device is described in considerable detail in the specifications.

The header which forms the upper part of a regular door opening frame is utilized to form a track for the hanger means whereby the door closure member is slidingly supported. It is claimed that this feature lessens the cost of structure by avoiding the necessity of supplying any factory made track member by which to support the hanger means of the door. The patent claims are:

(1) "The combination with a wall structure of a building having a door opening therein, a wooden header overlying said opening and having an internal channel cut therethrough to form a trackway, a restricted opening leading from the channel to the lower face of the header, hanger members positioned within the header to ride in the trackway with the lower portion of said hanger members extending through the restricted opening and beyond the lower face of the header, a slidable door fitted within said door opening and provided with brackets on the upper portion thereof, said brackets provided with means whereby a lateral movement of the door within the door opening connects said door with the depending portions of said hanger members."

Claim No. 2 in the patent is identical with claim No. 1 except that at the end thereof is added the following words: "and spaced strips underlying said header on each side of said restricted opening to hold said door against lateral movement."

(3) "An overhead support for slidable doors comprising a pair of timbers positioned to form a header over a door opening, said timbers each having a cutaway face portion in an abutting relation to that of the other, thereby forming a trackway, a restricted opening leading from said trackway to the lower face of the header, hanger members positioned within the header to ride in the trackway with the lower portion of said hanger members extending through the restricted opening and beyond the lower face of the header, a slidable door fitted within said door opening and provided with brackets on the upper portion thereof, said brackets provided with means whereby a lateral movement of the door within the door opening connects said door with the depending portions of said hanger members."

The plaintiff and inventor, Ralph L. Long, had been engaged for a number of years in building work, and particularly in constructing houses. He conceived the idea of a practical, economical and safe door hanger described in the foregoing specifications, which would be a great improvement over the old door hangers, easily attached by practically anyone. Since the granting of the patent to the plaintiff, Long, he has issued 38 licenses in the United States to manufacture and sell the

patented device, which has found wide distribution in 32 states of the union and in the Hawaiian Islands. Approximately 24,000 units of the patented device have been sold.

One of the licensees is the plaintiff, A. J. Koll Planing Mill, Ltd., a California corporation. The A. J. Koll Planing Mill Company has been located in Los Angeles County for more than fifty years and during this period has been engaged in the business of manufacturing mill work. The Koll Company, on or about the 15th of June, 1939, entered into an agreement with Ralph L. Long to manufacture and sell sliding door frames with hanger under the pending patent and the agreement provided for a license under the patent, when granted, to manufacture, sell and use the same on a royalty basis. Upon signing said agreement, Long delivered all of the specifications, drawings and directions for making said frames and hangers as described in his application for patent, and said Long explained all of the details as to design, style and method of operation of said device. The agreement provided for the immediate manufacture of said sliding door frames with hangers, and sale thereof. The Koll Company immediately proceeded to manufacture said patented article and sold the same to its regular and other customers and developed a substantial business.

Plaintiffs' Exhibit 19 shows the progressive increase in sales of the patented device by the licensee, A. J. Koll Planing Mill, Ltd., as follows:

| 1939 | | | 1940 | | |
|---|---|---|---|---|---|
| " | June | 3 | " | Jan. | 117 |
| " | July | 10 | " | Feb. | 289 |
| " | Aug. | 21 | " | Mar. | 236 |
| " | Sept. | 34 | " | Apr. | 459 |
| " | Oct. | 97 | " | May | 514 |
| " | Nov. | 113 | " | June | 482 |
| " | Dec. | 228 | " | July | 441 |
| | | | " | Aug. | 650 |
| | Total | 506 | " | Sept. | 995 |
| | | | " | Oct. | 777 |
| | | | " | Nov. | 640 |
| | | | " | Dec. | 516 |
| | | | | Total | 6116 |

1941
Jan.  486
Feb.  433  Total  919

This one licensee sold over 6,000 of these patented articles. Long testified that approximately 24,000 units of his invention were sold and there were no complaints. The device worked satisfactorily.

The plaintiff, Koll Company, had in its employ, prior to April, 1940, for a period of approximately eleven years, the defendant, David H. Isaac, in the capacity of bookkeeper, and as such bookkeeper he had access to all the lists of customers, price lists, costs of making the patented device referred to, and as such bookkeeper was familiar with the cost, the gross and net profits, the method of manufacture, blue prints and specifications, and he signed his name as a witness to the agreement between Long, the owner of the patent, and the plaintiff, A. J. Koll Planing Mill, Ltd., dated June 15, 1939, which agreement provided for the manufacture and sale of the patented device.

While defendant, Isaac, was still in the employ of plaintiff company, he formed a partnership, on January 9th, 1940, with his brother-in-law, Otto D. Dick, but continued in the employ of the plaintiff company until April 11, 1940. On this point paragraph 3 of the answer is as follows: "Deny all of paragraph XIII, except that defendants admit that on or about the 9th day of January, 1940 defendant, David H. Isaac, who was at that time thoroughly informed of the details pertaining to the manufacture of the said sliding door frames manufactured by Koll Planing Mill Ltd., did join a company known as Quality Frame & Materials Co. taking Otto D. Dick as his partner, and did leave the employment of said plaintiff Koll Planing Mill, Ltd., and, that, thereafter, said Quality Frame & Materials Co. did begin manufacturing and selling door frame devices."

And in paragraph 4 of defendants' answer: "defendants admit that defendant David H. Isaac was a trusted employee of plaintiff, Koll Planing Mill Ltd. and as such was entrusted with the names of said plaintiffs' customers and also with the profits, manufacture and sale of said sliding door frames."

The Quality Frame & Materials Co. commenced the manufacture of sliding door frames on April 20, 1940, and secured the services of Harold S. Graham, an experienced salesman who, for a year prior thereto, had been employed by the A. J. Koll Planing Mill, Ltd. Graham testified that he was familiar with the frame and device patented by Long and had sold a number of said devices, and testified that he realized he might compete with the Koll Company and he conferred with one of the attorneys for the defendants for advice. The evidence shows that customers of the

plaintiff, Koll Company, have been solicited by the defendants. The defendants admit notice of the pending of the application for the Long patent and also admit notice of the granting of the letters patent to Long in July, 1940.

The defendants deny that they have, in any way, infringed or violated any rights of the plaintiffs or threatened to commit any acts of infringement in violation of plaintiffs' rights in said patent and deny that the Long patent has any utility and allege that the purported letters patent are ambiguous and not distinct and do not particularly point out the part, improvement or combination which plaintiffs claim as their invention or discovery, and further allege that all materials and substantial parts were contained in letters patent and in other printed publications prior to the Long patent and allege the following patents as prior thereto, as follows:

| Number | Date | Patentee |
|--------|------|----------|
| 875870 | January 7, 1908 | Adolph Wagner |
| 1221766 | April 3, 1917 | Elmer C. Pitcher |
| 940294 | November 16, 1909 | Albert A. Wheeler, et al. |
| 321518 | July 7, 1885 | Edward Y. Moore |
| 1997175 | April 9, 1935 | Nathan A. Gussack |
| 2094849 | October 5, 1937 | Ray A. Schneider |
| British Patent: | | |
| 391453 | April 28, 1933 | Ernest Edward Rouse |

Defendants further allege that under these and other patents the invention and improvement claimed by Long was in public use in the United States before the alleged invention for more than 2 years prior to the application for said patent, and that said Long patent did not constitute a patentable knowledge or invention and, further, that the claims were so limited and confined in the application under the requirement of the Commissioner of Patents that the plaintiff cannot seek for or obtain construction of such claims sufficiently broad to cover any apparatus made, used or sold by this defendant.

In addition to the letters patent alleged in the answer the defendants introduced in evidence the following patents:

"Defendants' Exhibit I: copy of patent to Schneider......... 2,094,849
Defendants' Exhibit K: copy of patent to Prindle........ 128,903
Defendants' Exhibit L: copy of patent to Pogue.......... 354,808
Defendants' Exhibit M: copy of patent to Clarke......... 395,693
Defendants' Exhibit N: copy of patent to Sumner....... 455,695
Defendants' Exhibit O: copy of patent to Prouty........ 524,609
Defendants' Exhibit P: copy of patent to Ferris........ 539,987
Defendants' Exhibit Q: copy of patent to Arndt.......... 542,457
Defendants' Exhibit R: copy of patent to Randle........ 726,190
Defendants' Exhibit S: copy of patent to Keil.......... 809,697
Defendants' Exhibit T: copy of patent to Hoffman....... 1,017,757
Defendants' Exhibit U: copy of patent to Gussack....... 1,832,203
Defendants' Exhibit V: copy of patent to Dick.......... 2,230,615"

The patent, No. 2,230,615, to Otto D. Dick, one of the defendants, for door hangers, was issued February 4, 1941. The defendants claim that the device manufactured and sold by them is not similar to the device manufactured and sold by the plaintiff, and defendants set forth the difference in their own invention as follows:

"Defendants' device does not have a restricted opening leading from the channel to the lower face of the header but uses a track composed of two strips of hardwood attached to the lower face of the header. Hanger members are designed to be placed upon said track with the lower portion of said hanger members extending between the two pieces of hardwood forming the track, brackets are not provided with means whereby a lateral movement of the door within the door opening connects said door with the depending portions of said hanger members but on the contrary are provided with means whereby the door may be raised within the door opening and fastened to the depending portions of said hangers by the following mechanism, to-wit: a stem carrying the roller and being in pendent relationship thereto, a head constituting the exposed terminal of the stem, a door having upstanding strip means which are spaced to accommodate the head between them, key means thrust through the strips and head providing a lock between the stem and the door and shoulders embodied in the head and key means preventing movement of the key means relatively to both the stem and the strip means while the stem sustains the weight of the door.

"A brief description of the device being manufactured and sold by defendants is

as follows, to-wit: a door hanger construction comprising a header having a groove along its bottom surface, a track attached to the header, being slotted to afford outside communication with the groove, confronting marginal portions of the track at the slot overlapping the groove, hanger rollers riding upon said portions and having a connecting shaft, a stem in pendent relationship to the shaft and having a bushing containing said shaft, a head constituting the exposed terminal of the stem below the slot through which slot the stem extends, a plate securable to the top edge of a door, means on the plate within the confines of which the head is positioned and a key thrust through said means and the head to establish a temporary interlock."

The defendants allege a further difference, claiming that their device does not have a pair of timbers positioned to form a header over door opening, but on the contrary, uses a header composed of a single timber.

The court's attention was called to the decision of Judge Ben Harrison of this court in Ralph L. Long v. Ned E. Randall, No. 1185, in which the validity of this same patent by Long was established by the court. The opinion of the court was as follows:

"Without going into detail I am satisfied that the patent of plaintiff is valid and the same has not been anticipated by prior inventions. The answers of defendant to plaintiff's interrogatories, together with the evidence received at the trial, coupled with the presumption of validity, has materially simplified the determination of this case. Defendant relies upon the defense of anticipation but his affirmative answer to interrogatory number 10 clearly indicates that the prior patents pleaded were duly considered by the Patent Office.

"The evidence indicates that plaintiff's device has been a commercial success and defendant recognizes this fact by his imitation of the plaintiff's device. The accused structure in my opinion cannot be distinguished from plaintiff's device. I feel that this case comes clearly within the reasoning set forth in Automatic Draft & Stove Co., Inc. v. Auto Stove Works [D.C.], 34 F.Supp. 472.

"Plaintiff will prepare findings to the effect that defendant is guilty of infringement and that the patent in suit is valid."

While it is true that the decision of a judge of co-ordinate jurisdiction is not binding upon the other judges of the same court, yet great weight should be given to the decision in the interests of uniformity.

"The court whose jurisdiction is invoked by such a suit must determine for itself validity and ownership of the claims asserted, notwithstanding a prior adjudication of invalidity of some of them, unless those issues have become res adjudicata, by reason of the fact that both suits are between the same parties or their privies." Triplett v. Lowell, 297 U.S. 638, 645, 56 S.Ct. 645, 649, 80 L.Ed. 949.

See, also, Hammerschlag Manufacturing Co. v. Bancroft, C.C., 32 F. 585; Hammerschlag Manufacturing Co. v. Spaulding, C.C., 35 F. 67; Pratt v. Wright, C.C., 65 F. 99; Cutler-Hammer Co. v. Hammer et al., C.C., 124 F. 222; 3 Walker on Patents, page 1908.

Proper judicial comity would require me to follow my colleague. American Scantic Line, Inc., v. United States, D.C., 27 F.Supp. 271; Brusselback et al. v. Cago Corporation, D.C., 24 F.Supp. 524, at page 531. The general rule is that a matter which is decided by any District Judge within the District should be, as a matter of comity without re-examination by another judge, so decided. United States v. Hirschhorn, D.C., 21 F.2d 758. See, also, 21 C.J.S., Courts, § 196, page 341.

Over objection the file-wrapper was received in evidence. Schriber-Schroth Co. v. Cleveland Trust Co. et al., 311 U.S. 211, 61 S.Ct. 235, 85 L.Ed. ——; Automatic Draft & Stove Co. v. Automatic Stove Works, D.C., 34 F.Supp. 472, 478. The history of this patent, through the Patent Office, shows that the Wagner, No. 875,-870; Pitcher, No. 1,221,766; Clarke, No. 395,693; Keil No. 809,697; Wheeler No. 940,294; Gussack No. 1,997,175; and Moore, No. 321,518 patents were all considered by the Patent Office, and considered by this court, having been introduced in evidence. None of the patents show a header unit which is incorporated during the erection of a wall section with the header being slotted or grooved to cut a trackway for the sliding door.

"In Wheeler et al. 940,294 and Wagner 875,870 the construction is such that it can be set up in a door construction without modification of the casing, the trackway is not formed in the header for the door but is a separate channel member bolted or suitably supported beneath the header.

Schneider 2,094,849 simply shows a slotted connection between a prop and a mold form and it is not believed to be pertinent to the structure now claimed. Keil 809,697 discloses a metal trackway which may be secured to any desired support to form a guideway for wheels, sheaves and etc. The patents to Moore 321,518, Clarke 395,693, Pitcher 1,221,766 and British patent 391,-453 all fail to show the combined wooden header trackway with hanger members mounted therein. After the wooden header as constructed in applicants case is incorporated in the wall it is an extremely simple proposition to mount the door."

When the wooden header is placed in the wall, the door, with plaintiff's device attached, can be put in place by one without any knowledge of mechanics or construction and can be fixed in place by one person.

It is true that disappearing doors in the wall have been used in the art, that doors have been hung on tracks, but the track in the header is new together with the combination of elements employed to obtain the results as disclosed in the Long patent which is simple, useful, economical and of proven utility to the building trade. In fact, we might borrow the language in Re Automatic Draft & Stove Company v. Automatic Stove Works supra, as follows: "The evidence included the introduction of a number of prior patents and other disclosures showing the state of the prior art and all designed to show that all of the elements of the Ashley patent were known in the prior art and had long been used and practiced. There is no doubt that airtight, wood burning stoves have been in long use; that down-draft pipes both on the interior and exterior of stoves have been used; that thermostatic damper controls have been used on stoves and furnaces and, in fact, most of the elements involved in the Ashley structure have been the subject of numerous prior patents and have been practiced and used in one form or another in many heating devices; but the Ashley patent is for the combination of elements as set out in the claims allowed, and there is shown no structure in the prior art which combined these various elements in the manner of the Ashley structure or that obtained the same results obtained thereby."

■ It is clear that the device of the defendant accomplishes the same result as that obtained by the plaintiff, with the exception of the insertion of a pin to fasten the roller stem to the bracket on the door, and was a clear infringement. Gwynn v. Ranco, D.C., 36 F.Supp. 584; Cleveland Automatic Machine Co. v. National Acme Co., 6 Cir., 52 F.2d 769, 772; E. H. Bardes Range & Foundry Co. v. American Engineering Co., 6 Cir., 109 F.2d 696, 698; Stubnitz-Greene Spring Corporation v. Fort Pitt Bedding Co., 6 Cir., 110 F.2d 192, 198. The Long device accomplishes the same results with fewer parts than the device used by the defendant. The slight change made in the defendants' device does not avoid infringement. Automatic Draft & Stove Co. Inc. v. Automatic Stove Works, D.C., 34 F.Supp. 472; Columbia Wire Co. v. Kokomo Steel & Wire Co., 7 Cir., 143 F. 116; Weed Chain Tire Grip Co. v. Cleveland Chain Co., C.C., 196 F. 213. An addition which results in no substantial change of character merely for the purpose of avoiding the patent does not avoid infringement. Samson Granite Co. v. Crozier Straub, Inc. et al., 3 Cir., 41 F.2d 628; Western Electric Co. v. LaRue, 139 U.S. 601, 607, 11 S.Ct. 670, 35 L.Ed. 294; Lake Shore & Michigan Southern Railway Co. v. National Car-Brake Shoe Co., 110 U.S. 229, 4 S.Ct. 33, 28 L.Ed. 129; Abercrombie & Fitch Co. et al. v. Baldwin et al., 245 U.S. 198, 38 S.Ct. 104, 62 L.Ed. 240. A patent may be infringed by the use of equivalents having the same function. Rowell et al. v. Lindsay et al., 113 U.S. 97, 5 S.Ct. 507, 28 L.Ed. 906. An infringement is not avoided by immaterial change in the construction. C. & A. Potts & Co. v. Creager, 155 U.S. 597, 15 S.Ct. 194, 39 L.Ed. 275.

■ It is a well-established doctrine that letters patent are prima facie evidence of the validity of such letters patent and the novelty of the device. Hunt Bros. Fruit-Pack. Co. v. Cassidy, 9 Cir., 53 F. 257, 259; Consolidated Contract Co. v. Hassam Paving Co., 9 Cir., 227 F. 436; Mumm v. Jacob E. Decker & Sons, 301 U.S. 168, 57 S.Ct. 675, 81 L.Ed. 983; Walker on Patents.

■ It is the established policy of the courts to protect the inventor who secures a patent and to be liberal in construction of the patent in order to reward the inventor and protect him in his property rights. There is no yardstick to measure the contribution made by the inventor toward the comfort, happiness, progress and advancement of our present civilization. Eibel

Process Co. v. Paper Co., 261 U.S. 45, 63, 43 S.Ct. 322, 67 L.Ed. 523; Topliff v. Topliff, 145 U.S. 156, 171, 12 S.Ct. 825, 36 L.Ed. 658; McClain v. Ortmayer, 141 U.S. 419, 425, 12 S.Ct. 76, 35 L.Ed. 800.

It is well established that old elements which have been used and are well known, if associated together in such a way as to be more than mere mechanical skill, and which produce utility superior to that known before, constitute invention. Bankers' Utilities Co., Inc. et al. v. Pacific National Bank, 9 Cir., 18 F.2d 16, citing Bliss v. Spangler, 9 Cir., 217 F. 394; The Barbed Wire Patent, 143 U.S. 275, 12 S.Ct. 443, 36 L.Ed. 154. It is the combination of old and well-known elements which have been used separately but which, when combined, produce a result bringing utility, simplicity and economic production that rises to the dignity of invention. G. H. Packwood Manufacturing Co. v. St. Louis Janitor Supply Co., 8 Cir., 115 F.2d 958. The evidence is clear that the defendant manufactured and sold the infringing device. The patentee is protected and given the sole, exclusive right to make and sell the article for which the patent was granted. Title 35, U.S.C.A. § 40, R.S. § 4884; May 23, 1930, c. 312, § 1, 46 Stat. 376. It follows that the defendants in this case were infringers.

The result need not be new. It is sufficient if an old result be produced in a more facile, economic or efficient way. Willard v. Union Tool Company, 9 Cir., 253 F. 48; New York Scaffolding Co. v. Whitney, 8 Cir., 224 F. 452.

"Authorities concur that the substantial equivalent of a thing, in the sense of a patent law, is the same as the thing itself; so that if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form, or shape. * * * Apply that principle to the case before court, and it is clear that the knife in the respondents' machine, when considered in connection with the striker, is substantially the same thing as the cutter in the machine of the complainants when put in operation by the means employed to raise it and let it fall to perform the cutting function, without which the machine would be of no value." Union Paper Bag Machine Company v. Murphy, 97 U.S. 120, 125, 24 L.Ed. 935.

A careful consideration of the evidence in this case does not show beyond a reasonable doubt that there was anticipation. The Barbed Wire Patent, 143 U.S. 275, 284, 12 S.Ct. 443, 36 L.Ed. 154.

In order to negative novelty, or as it is usually expressed, to anticipate an invention, it is necessary that all of the elements or their equivalent be found in one simple description or structure where they do substantially the same work in substantially the same way. Imhaeuser v. Buerk, 101 U.S. 647, 25 L.Ed. 945. "Anticipation is purely a question of fact." Haines v. McLaughlin, 135 U.S. 584, 10 S.Ct. 876, 881, 34 L.Ed. 290.

The defendants offered in evidence patent No. 2,230,615 to the defendant Otto D. Dick for door hangers dated February 4, 1941, heretofore referred to. It is clear that this is not a defense. "What the jury have to determine is, does the machine of the defendant infringe the machine of the plaintiff; and if it does not, then the defendant is entitled to a verdict; but if it does infringe the plaintiff's machine, then the plaintiff is entitled to his remedy, and it is no answer to the cause of action to plead or prove that the defendant is the licensee of the owner of another patent, and that his machine is constructed in accordance with that patent. Controversies between litigants in court cannot be completed in that way, nor should the plaintiff be subjected to such outside issues, as he is clearly entitled to a verdict when he has proved that he is the original and first inventor of his improvement, and that the defendant has infringed his patent." Blanchard v. Putnam, 8 Wall. 420, 75 U.S. 420, page 426, 19 L.Ed. 433.

It follows as a necessary conclusion that the defendants are liable for profits. Thomson v. Wooster, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105.

The damages are limited to the profits due to the infringed device. McCreary v. Pennsylvania Canal Co., 141 U.S. 459, 12 S.Ct. 40, 35 L.Ed. 817.

The claims in the patent are valid and the court finds that the defendants' device is an infringement of the patent of plaintiff, Long. Finding of fact and conclusions of law will be prepared in accordance with the opinion.

Judgment for the plaintiffs.