**INDUSTRIAL MODELS CORP. v.
KURTZ et al.**

No. 9096.

United States District Court
E. D. Michigan, S. D.

Aug. 31, 1950.

Thomas S. Donnelly, Detroit, Mich., for plaintiff.

Harness, Dickey & Pierce, Detroit, Mich., for defendant.

KOSCINSKI, District Judge.

Plaintiff sues as assignee for infringement of United States Letters Patent No. 2,-189,154, and demands jury trial. Defendants deny both validity of patent and infringement and, in their further defense, represent that Claims 5 to 11, inclusive, of the patent in suit were adjudged invalid and void by judgment and decision of another judge of this court entered on September 21, 1946, after a full trial respecting validity of the same patent, in the case of Industrial Models Corporation v. Loeffler et al., D.C., 67 F.Supp. 690, from which no appeal was taken, and that plaintiff unreasonably neglected and delayed to enter in the United States Patent Office a disclaimer of the claims of the patent so held and adjudged invalid, and is thereby without right to maintain this suit under the provisions of Revised Statutes of the United States. Sec. 4922, U.S.C.A., Title 35, § 71.

Plaintiff filed objections to defendants' requests for admissions of facts constituting the adjudication of invalidity in the previous suit and also moved to strike the portion of defendants' answer which relates to the prior adjudication of invalidity on the ground that the subject-matter in that portion of the answer does not constitute a defense to this action, that it relates to matter which is wholly immaterial, irrelevant and incompetent, and that it would be highly prejudicial to plaintiff if permitted to remain in the answer.

In the Loeffler case, supra, relied on by defendants as adjudicating invalidity of Claims 5 to 11 of the patent, the trial judge filed findings of fact, conclusions of law, and judgment. In the findings and conclusions he stated that there is no invention disclosed in any of the claims involved in that suit, that the claims in suit do not disclose a new combination, that Claims 5 to 11, inclusive, of Stewart patent No. 2,189,154 are void for want of invention, and that in accordance with such findings and conclusions a judgment is being entered simultaneously therewith, dismissing the complaint. The judgment recites: "In accordance with findings of fact and conclusions of law filed simultaneously herewith, the complaint is dismissed."

Plaintiff contends that the judgment did not adjudicate the patent invalid but merely dismissed the cause without specifying whether dismissal was for invalidity or because of non-infringement, citing Micromatic Hone Corp. v. Mid-West Abrasive Co., 6 Cir., 177 F.2d 934, as authority. However, in that case the appellate court only decided it would not rule on validity for the reason that the district court's judgment ruled upon only one of three grounds advanced for invalidity, although the other two grounds were discussed in the opinion, and for the further reason that it found, as did the lower court, that the acts of defendant did not constitute infringement and hence there was no necessity for a finding of invalidity. The judgment of the lower court was modified to eliminate the finding of invalidity and affirmed as to non-infringement.

In the Loeffler case, supra, the judgment dismissing the complaint was entered in conformity with the findings of fact and conclusions of law which found Claims 5 to 11 void for want of invention.

The judgment in that case should be read in the light of the findings of fact and conclusions of law on which the judgment was based and to which specific reference was made in the judgment. Great Lakes Dredge & Dock Co. et al. v. Huffman, Adm'r, 319 U.S. 293, 295, 63 S.Ct. 1070, 87 L.Ed. 1407; Fairchilds v. Ninnescah Oil & Gas Co., 151 Kan. 551, 99 P.2d 839, 843. Viewed in that light, the judgment in the prior suit before another judge of this court involving the patent now in suit is effective in adjudicating the invalidity of Claims 5 to 11, inclusive, of the Stewart Patent.

It is plaintiff's claim that even if an adjudication of invalidity had been made in the prior suit, under the ruling of Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949, it need not disclaim the claims held invalid but may bring other suits against different defendants on the same claims, whether in the same or another judicial circuit, and that a prior adjudication of invalidity cannot be asserted as a defense by another defendant when sued on the claims adjudged to be invalid.

Defendants argue that the case of Triplett v. Lowell, supra, is not applicable for the reason that the plaintiff in that case exhausted all remedies available to him by appeal, whereas, present plaintiff did not appeal from the adjudication of invalidity in the prior suit and that decision became final; furthermore, that the second suit in the Triplett case was filed in another jurisdiction while here both suits were filed by present plaintiff in the same court. Defendants also insist that one judge must follow a previous decision of another judge of the same court, in the absence of urgent and compelling reasons as to why the previous decision on the question should not stand. Defendants contend that this case is ruled by Ensten v. Simon Ascher & Co., 282 U.S. 445, 51 S.Ct. 207, 75 L.Ed. 453, in which the Supreme Court upheld the District Court's decision, affirmed on appeal to the Circuit Court of Appeals, dismissing the complaint in a second suit for unreasonable neglect and delay to disclaim a claim previously held invalid in another jurisdiction.

Defendants intend to raise this issue by motion for summary judgment dismissing the action, and admit that the disputed paragraph in their answer, as well as their requests for admissions of fact concerning the previous suit, were made for the purpose of laying the basis for such motion.

It is true, as claimed by plaintiff and as stated in the Triplett v. Lowell case, supra, that an adjudication adverse to any or all claims of a patent does not preclude another suit upon the same claims against a different defendant and that the earlier decision is not res adjudicata and may not be pleaded as a defense. The defense raised in the instant case, however, is not the defense of res adjudicata but the defense of unreasonable delay to enter a needed disclaimer after a prior adjudication of invalidity. The defense that patentee unreasonably delayed to enter a needed disclaimer is statutory and must be set up in the answer or by a special plea. Walker on Patents, Deller's Edition, Secs. 588, 672, 730. "Contention on appeal that patentee had not reasonably disclaimed that part of patent which had been declared void must be overruled where not specially pleaded in answer." Zell v. Bankers' Utilities Co., 9 Cir., 77 F.2d. 22, 27. This defense, according to Triplett v. Lowell, supra, "can never be set up as a bar *in limine* to the maintenance of a second suit upon those claims, and any others of the patent, since the patentee is entitled to invoke in that suit the independant judgment of the court upon the validity of the claims which have been held invalid." 297 U.S. at page 644, 56 S.Ct. at page 648. Only if the court in the second suit holds that the claims are invalid may it be called upon to apply the disclaimer statute and to decide whether the patentee, under all the circumstances presented, has unreasonably neglected or delayed to enter a disclaimer of the claim of whose invalidity he had notice in the prior suit. ("In limine"—on or at the threshold; hence at the very beginning; preliminary. 42 C.J.S., page 489; Black Law Dictionary.) The defense, therefore, although available to another defendant in a second suit on the merits, cannot be utilized in any preliminary proceeding; it is properly considered only after a determination of invalidity in the second suit.

The Ensten v. Simon Ascher & Co. case, supra, relied on by defendants, is not applicable here, in the opinion of this court, as suit in that case was brought on the valid claims only, after adjudication of invalidity of some of the claims of the patent and a disclaimer of those claims, before the second suit was filed against another defendant. Action of the patentee was interpreted as abandonment of the invalid claims; in the instant case plaintiff makes no concession of invalidity but again asserts validity of all the claims of his patent, including those previously held invalid.

The Triplett case involves suits on claims held invalid in prior suits against other defendants as well as other claims of the same patent not previously adjudicated. The gist of the two decisions is summarized in United Lens Corporation v. Doray Lamp Co., 7 Cir., 93 F.2d. 969, 972, and thus distinguished by Judge Evans:

"No patentee is entitled to the benefits of valid claims of his patent if he unreasonably neglects or delays to enter a disclaimer of those claims which have been judicially decreed to be void because the applicant claimed more then he was entitled to receive in the way of a monopoly. Ensten v. Simon, etc., 282 U.S. 445, 51 S.Ct. 207, 75 L.Ed. 453.

"Patentee is not required to disclaim in order that he may bring suit *on the same claims* in another court against a different defendant. Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949."

In the Triplett case, two of the suits considered on certiorari were brought on the same patent in the same judicial circuit against different defendants. In the first suit, an appeal to the Circuit Court of Appeals resulted in a decision holding some of the claims invalid. The second suit included the same claims. The Supreme Court held that the fact suit was brought in the same circuit is immaterial, for the trial court in the second suit must decide whether the issues of law and fact in the two cases are the same, and if they are not, that court is not bound by the earlier decision.

Both Triplett v. Lowell and the United Lens Corporation v. Doray Lamp Co. cases, supra, hold that the patentee may re-litigate the invalid claims in another court. Defendants place great stress on the use of this language and, although they readily concede that plaintiff herein could sue other defendants on the same claims either in another judicial circuit or in another court of the same circuit, if the issues of fact and law are not identical, they nevertheless argue that plaintiff is barred in seeking a re-adjudication of the invalid claims before a judge of the same court in which such claims were previously adjudged invalid by another judge.

In the Triplett case opinion the court holds that the defense of unreasonable delay in filing a needed disclaimer can *never* be set up as a bar *in limine* in a suit against another infringer; this pronouncement of the law is not limited in that opinion by use of the words "in another court." Only in discussing the privilege of re-litigating the previously adjudicated invalid claims does the court use the quoted phrase. It therefore becomes necessary to determine whether the use by the Supreme Court of the term "in another court" was intended to so circumscribe the action which a patentee could take as to limit him to a privilege of re-litigation only in the event the second suit was instituted in another judicial circuit, or at least another district court of the same circuit.

A thorough search for precedent to be applied in suits filed in the same court against two different alleged infringers in patent cases has not been too fruitful of results. In the early case of McMillan v. Conrad, C. C., 16 F. 128, where patentee brought different suits against A, B, and C for alleged infringement of his patent, and suit against A was made a test case, went to final hearing, patent was held valid, A held to be an infringer, A appealed but abandoned appeal, cases against B and C were dismissed, and C continued to use the patented device, it was held, in a suit later brought against C for infringing the same patent that he was not bound by the decision against A. The court held that the rights of each party must be determined by the case presented and each defendant is held to have an independent right to contest the validity of the patent.

Because of the well-established rule of law that an adjudication is not res adjudicata in a second suit involving the validity of the same patent, against a defendant who was neither party nor privy to the first suit, defendants in the instant case would not be bound by a decision finding all claims of the patent valid in the Loeffler case. Although such decision would be persuasive and carry great weight in another suit on the patent against these defendants, before the same or another judge of the court, it would not be so binding on defendants as to foreclose all channels of proving a defense. Plaintiff would be required to meet again a challenge of invalidity; conversely, it should not be barred from testing again the validity of its patent in a suit against defendants, different alleged infringers.

In the interest of uniformity a judge will accord great weight to a decision of a judge of coordinate jurisdiction, as to issues determined, but such decision is not absolutely binding. Rauhoff v. Henry Gramling & Co., D.C., 42 F.Supp. 754; Long v. Dick, D.C., 38 F.Supp. 214; Ostby & Barton Co. v. Jungersen, D.C., 41 F.Supp. 552, and cases there cited. In the case of Steele et al. v. Esquire Laundry & Dry Cleaners, Inc., D.C., 90 F.Supp. 61, cited by defendants, the Judge in the second suit adopted the findings of the judge of the same court in an earlier suit, but it would appear from a reading of the opinion that he did so after a trial on the merits, and not in a preliminary proceeding. In the Kellogg Switchboard & Supply Co. v. Michigan Bell Telephone Co., case, D.C., 71 F.Supp. 365, also cited by defendants as applicable, an attempt was made to set aside the action of another judge in the same controversy between the same litigants. The facts in that case differ, therefore, from those in the case at bar.

Should plaintiff be deprived of re-litigating the invalid claims by the mere circumstance that present defendants reside in the same locality as defendants in the Loeffler suit, when it is readily conceded it could do so if defendants resided within the jurisdiction of another court? Some judicial districts of the Federal Court have only one judge. If a plaintiff, whose patent claims were previously adjudged invalid in that court, persisted in asserting their validity, made no disclaimer, and could offer more convincing evidence in support of validity in an action against another alleged infringer who could be served only in that judicial district, should he be forced to disclaim without an alternative of re-litigating when both remedies would be available to him if defendant resided outside of that judicial district?

The elements and constituent parts of a court are discussed in 21 C.J.S., Courts, § 1, page 16. It is there stated that in every court there must be at least three constituent parts: the actor, or plaintiff, who complains of an injury done; the defendant, who is called upon to make satisfaction for it; and the judicial power which is to examine the truth of the fact, to determine the law arising upon that fact, and if any injury appears to be done, to ascertain and by its officers to apply the remedy. The constituent parts of the court in the present litigation differ from those in the Loeffler suit, inasmuch as the defendant here was neither party nor privy in the Loeffler case.

In view of the foregoing this court has reached the conclusion that use of the phrase "in another court" in the Triplett case opinion was not intended as a mandatory requirement that the second suit *must* be in another court in the sense that it must be in another judicial district.

The pleadings disclose that the defenses in this case are identical with those raised in the Loeffler suit, except for the added defense relating to disclaimer. But "issues" are not necessarily limited to the pleadings.

"An 'issue' is a single, certain and material point arising out of the allegations and contentions of the parties and the issue may normally be ascertained by an inspection of the pleadings, but in modern practice an issue sometimes arises from the affirmation on one side and the denial on the other of some material point of law or fact as developed by the evidence, though not presented by the pleadings." Paine & Williams Co. v. Baldwin Rubber Co., 6 Cir., 113 F.2d. 840.

A trial of this case on the merits here may present issues other than those advanced in the Loeffler case. Also, plaintiff is not limited to the evidence submitted in the prior suit; a decree declaring invalidity is not a proceeding in rem and does not prevent patentee from prosecuting a suit against another defendant, and establishing its validity upon the same or different evidence. Consolidated Roller-Mill Co. v. George T. Smith Middlings Purifier Co., C.C., 40 F. 305.

For the reasons stated herein, the defense set up by defendants in Par. 13 of the answer must be permitted to stand.

An order is being entered simultaneously herewith overruling plaintiff's objections to request for admissions of facts and denying its motion to strike Par. 13 of defendants' answer.